# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

---------------------------------------------------------x
:
UNITED STATES OF AMERICA         :
:
     v.                         :
:   Case No. 3:14-CR-79 (EBB)
JOHN G. ROWLAND,                 :
:
     Defendant.                 :
:   May 20, 2014
---------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF
## DISMISSAL OF COUNT 2
## BASED ON ITS FAILURE TO ALLEGE AN OFFENSE

Reid H. Weingarten
William L. Drake
STEPTOE & JOHNSON LLP
1330 Connecticut Ave. NW
Washington, D.C. 20036
(202) 429-8082

Michelle L. Levin
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, New York 10036
(212) 506-3900

Kaitlin A. Halloran
HALLORAN & HALLORAN
9 Lewis Street, 1st Floor
Hartford, Connecticut 06103
(860) 726-7810

*Counsel for Defendant John G. Rowland*

Defendant John G. Rowland ("Mr. Rowland") respectfully submits this memorandum of law in support of his motion to dismiss the Government's April 10, 2014 indictment (the "Indictment").  For the reasons that follow, Count 2 of the Indictment should be dismissed.

## I. INTRODUCTION

Count 2 of the Indictment is premised on the allegation that Mr. Rowland entered into a conspiracy to violate 18 U.S.C. § 371 ("Section 371").[1]  Specifically, it alleges that Mr. Rowland unlawfully agreed to commit the offenses outlined in Counts 3-7 of the Indictment and, in addition, to defraud the United States by interfering with the lawful functions of the Federal Election Commission ("FEC").  This Count should be dismissed because: (1) the Indictment fails to allege an agreement to commit the offenses outlined in Counts 3 through 7; and (2) the Indictment fails to allege an agreement to defraud the FEC because the only agreement alleged had a lawful objective.

## II. BACKGROUND

The relevant background is set forth in detail in Mr. Rowland's Memorandum of Law in Support of Dismissal of Counts 1 and 3.  Two facts are particularly relevant here: (1) Mr. Foley is alleged to have made payments through a law firm (the "Firm") to Mr. Rowland for work performed by Mr. Rowland on Ms. Lisa Wilson-Foley's campaign; and (2) Mr. Rowland and others allegedly agreed to conceal that he was paid for work on the campaign.  Indictment ¶¶ 27-35.

---

[1]  The factual allegations of the Indictment are accepted as true, only for purposes of this motion to dismiss.

**III.   ARGUMENT**

Count 2 alleges that Mr. Rowland violated Section 371.  That statute provides in pertinent part:

> If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 371.

Section 371 therefore provides two ways in which it may be violated: (1) by conspiring to commit an offense that is specifically defined in another federal statute; and (2) by conspiring to "defraud" the United States.  *United States v. Tejada*, No. 1:06-mj-00770-UA-1, 2006 WL 1669695, at *1 (S.D.N.Y. June 19, 2006).  With respect to the latter, the term "defraud" has been interpreted broadly to cover any conspiracy to "interfere with or obstruct" "a lawful function of the government."  *United States v. Ballistrea*, 101 F.3d 827, 831-32 (2d. Cir. 1996).

Here, the Indictment alleges that Mr. Rowland violated Section 371 in both ways.  It asserts that Mr. Rowland entered into a conspiracy to commit the offenses charged in Counts 3-7, as well as to "defraud the United States by impairing, impeding, obstructing, and defeating, through deceitful and dishonest means, the lawful government functions of the FEC."  Indictment ¶ 32.

      A.   <u>The Indictment Fails To Adequately Allege An Agreement To Commit The Offenses In Counts 3 Through 7</u>

With respect to the alleged agreement to commit the offenses outlined in Counts 3-7, the Indictment fails to offer any allegations of an agreement to commit these offenses beyond the allegations that purport to establish the underlying offenses themselves.  And, as discussed in Mr. Rowland's separate memoranda in support of dismissal of the Indictment, the Indictment has

2

failed to allege these underlying offenses.  Thus, there are no direct allegations of agreement and no agreement to commit these offenses can be inferred based on the underlying alleged offenses.  Therefore, Count 2 cannot be sustained on this theory.

> B.  The Indictment Fails To Allege An Agreement To Defraud The United States By Interfering With Or Obstructing The FEC's Lawful Functions

Nor can Count 2 be sustained on the alleged agreement to defraud the United States.  The Indictment does not allege any unlawful agreement that would interfere with or obstruct the FEC's lawful functions.  The Indictment, at most, alleges a conspiracy to conceal payments to Mr. Rowland.  This is a permissible objective, and therefore does not interfere with or obstruct any FEC functions, because it could have been accomplished in at least two lawful ways.  *United States v. Wiley*, 846 F. 2d 150, 153 (2d Cir. 1988) (holding that, to convict for a Section 371 conspiracy, the Government must "prove that [the defendant] agreed to and participated in a scheme that he knew had an illegal objective.").

First, on the facts alleged, Mr. Foley's payments qualify as in-kind contributions to the campaign (11 CFR §§ 100.52 (d)(1) and 100.111(e)(1)) and there is no obligation to disclose the ultimate recipient of payments for such in-kind services, *i.e.*, here, Mr. Rowland.[2]  Instead, an in-kind contribution is reported as both a contribution from and expenditure to the *same individual* (11 CFR § 104.13), and the expenditures disclosure must *only* detail the general purpose of the expenditure.[3]  Therefore, it would have been perfectly permissible for the Wilson-Foley

---

[2] The Federal Election Commission's 2011 Campaign Guide illustrates this disclosure requirement.  *See* Federal Election Commission Campaign Guide at 94-95, *available at* http://www.fec.gov/pdf/candgui.pdf; s*ee also* Federal Election Commission, Instructions for FEC Form 3 and Related Schedules, *available at* http://www.fec.gov/pdf/forms/fecfrm3i.pdf.

[3]  *Id.*

3

campaign to only disclose that it received in-kind contributions from Mr. Foley and the general purpose of those contributions.

Second, even if the payments had originated with the campaign committee, and then gone to the Firm, there is no obligation for a campaign to disclose payments made, as alleged, by a vendor, like the Firm, to a sub-vendor, like Mr. Rowland. The FEC reaffirmed this rule, in a 2013 Opinion (the "Opinion") resolving a complaint against Senator Mark Kirk ("Senator Kirk").[4] There, a complaint filed against Senator Kirk claimed that his campaign had failed to disclose payments made by a campaign vendor to a sub-vendor for work on the campaign. Opinion at 1-2. The sub-vendor was the company of Senator Kirk's alleged then-girlfriend and billed over $140,000 on the campaign. Opinion at 1, 7. The Opinion found that there was no requirement for "authorized committees to report expenditures or disbursements to their vendors' sub-vendors. To the contrary, the Commission has concluded that a committee need not separately report its consultant's payments to other persons—such as those payments for services or goods used in the performance of the consultant's contract with the committee." Opinion at 11-12 (citations omitted) (citing 2 U.S.C. § 434(b)(5)(A) and 11 C.F.R. § 104.3(b)(4)(i)(A)). Therefore, even if the alleged payments had been made by the Wilson-Foley campaign to the Firm, the Wilson-Foley campaign would only have been required to disclose payments to the Firm. It would not have been required to disclose that those payments ultimately went to Mr. Rowland.

For these reasons, the alleged conspiracy to defraud the government was premised on a lawful objective. It therefore, as a matter of law, does not interfere with or obstruct any FEC function.

---

[4] That Opinion is attached as Exhibit 3 to the Declaration of Michelle L. Levin.

## IV. CONCLUSION

For the reasons set forth above, the Court should dismiss Count 2 of the Indictment.

Respectfully submitted,

/s/ Reid H. Weingarten
Reid H. Weingarten [phv01200]
William L. Drake [phv06671]
STEPTOE & JOHNSON LLP
1330 Connecticut Ave. NW
Washington, D.C. 20036
PH: (202) 429-8082
FAX: (202) 429-3902
rweingarten@steptoe.com
wdrake@steptoe.com

Michelle L. Levin [phv06670]
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, New York 10036
PH: (212) 506-3900
FAX: (212) 506-3950
mlevin@steptoe.com

Kaitlin A. Halloran [ct28710]
HALLORAN & HALLORAN
9 Lewis Street, 1st Floor
Hartford, Connecticut 06103
PH: (860) 726-7810
FAX: (860) 726-7813
khalloran@halloranlawct.com

*Counsel for Defendant John G. Rowland*

Dated: May 20, 2014