UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>   v.<br><br>JOHN G. ROWLAND | Criminal No. 3:14cr79 (JBA)<br><br>August 11, 2014 |

**RULING ON DEFENDANT'S MOTION *IN LIMINE*
TO LIMIT THE SCOPE OF TESTIMONY ON HIS PRIOR CONVICTION**

Defendant John G. Rowland moves [Doc. # 58] to limit the scope of testimony regarding his 2004 conviction for conspiracy to deprive the State of Connecticut of his honest services and to commit tax fraud while he served as the State's Governor. For the reasons that follow Defendant's motion is granted with modification.

**I.  Background[1]**

In December 2004 pursuant to a plea agreement, Mr. Rowland pled guilty to conspiracy to commit honest services fraud and tax fraud. In his plea agreement, Mr. Rowland acknowledged that while he was Governor he engaged in a conspiracy with a number of government contractors and State employees to receive bribes and gratuities in exchange for favorable governmental treatment, which included Mr. Rowland steering renovation contracts and the lease for a Bradley Airport parking garage and providing beneficial tax treatment to his co-conspirators in exchange for free vacations, renovations

---

[1] The facts of the present case are detailed in the Ruling [Doc. # 61] Denying Defendant's Motion to Dismiss the Superseding Indictment.

to his vacation home, and private jet travel—benefits totaling more than $107,000.  *See United States v. Rowland*, No. 3:04cr367 (PCD), Plea Agreement [Doc. # 3] at 9–11.

II.     **Discussion**

The Government maintains that some limited details of Mr. Rowland's 2004 conviction should be admitted in this trial, because it intends to prove that "Mr. Foley and Ms. Wilson-Foley were eager to secure the defendant's assistance and to prevent him from working for a rival campaign," but "they concluded that hiring Mr. Rowland as a paid campaign employee entailed a substantial risk that Ms. Wilson-Foley's opponents and the media would harshly criticize her for compensating a former governor who had corrupted his public office" by accepting bribes for steering state business to his political supporters, a risk compounded by the fact that Ms. Wilson-Foley was opposing Mike Clark in the Republican primary, a former FBI agent who supervised the investigation that led to Mr. Rowland's 2004 prosecution and whose campaign highlighted his credentials for fighting corruption.  (Gov't's Opp'n [Doc. # 65] at 4–6.)  During the Court's colloquy with counsel on July 9, 2014, the Government clarified that it expects its witnesses to explain that because Mr. Rowland abused his office and "violated the public trust" by accepting bribes in exchange for steering State business to his political supporters and resigned his office, his association with the Wilson-Foley campaign would have been politically "toxic." (July 9, 2014 Hr'g Tr. [Doc. # 62] at 63–64.)

Defendant acknowledges that his 2004 conviction is admissible on the issue of the motivation for the alleged conspiracy but challenges how it will be presented and seeks to preclude any evidence related to it other than: (1) in 2004, Mr. Rowland was Governor of Connecticut, (2) he resigned and pled guilty to corruption- and tax-related charges relating to his conduct while Governor,[2] and (3) he was sentenced to a prison term of one year and one day for that conduct.[3]

Although evidence of prior convictions is not admissible to show a defendant's character or propensity to engage in criminal conduct, Rule 404(b) of the Federal Rules of Evidence allows such evidence to be admitted for other purposes, such as proving motive, and Defendant does not dispute that his prior conviction may be admitted for such a purpose here.  Even if evidence is admissible under Rule 404(b), however, a court "must still perform the balancing analysis envisioned by Rule 403," *United States v. Afjehei*, 869 F.2d 670, 674 (2d Cir. 1989), which provides that the "court may exclude relevant

---

[2] Defendant initially sought to limit this prong to the fact that he pled guilty to conspiracy to deprive the state of his honest services and to commit tax fraud (Def.'s Mem. Supp. [Doc. # 58-1] at 1), however, after the Court's colloquy with counsel on July 9, 2014, Defendant agreed to these additional details.  The Government maintains that Defendant's revised proposal is essentially identical to that in his initial motion.

[3] The Government has clarified that it does not intend to elicit Mr. Rowland's specific sentence in its case-in-chief, only that Mr. Rowland was sentenced to incarceration and that he served time.  Additionally, it represents that it will instruct its witnesses not to comment on the underlying details of Mr. Rowland's offense, i.e., the items of value he received and the official actions he took.  (Gov't's Opp'n at 7.)

evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice" or "confusing the issues," Fed. R. Evid. 403.[4]

"The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged," *Old Chief v. United States*, 519 U.S. 172, 180 (1997), or an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one," Fed. R. Evid. 403 advisory committee's note. "In reaching a decision whether to exclude on grounds of unfair prejudice, consideration should be given to the probable effectiveness or lack of effectiveness of a limiting instruction" and "[t]he availability of other means of proof may also be an appropriate factor." *Id.*

As Defendant does not contest that evidence of his prior conviction is admissible under Rule 404(b), the parties' dispute concerns the extent to which the details of this conviction should be excluded as unfairly prejudicial under Rule 403. The Government maintains that Defendant's proposal to permit only "a few rudimentary facts" does "not accurately capture the motivation" of the alleged co-conspirators, "which was to avoid a replay of the narrative associated with Mr. Rowland's conviction, namely, that he abused the public trust through his official office to enrich himself and his supporters," which "induced the conspirators to conceal their relationship because it would have been untenable for Ms. Wilson-Foley to ask the public to entrust her with a position of political

---

[4] If evidence is admitted under Rule 404(b), "upon request, the district court must give an appropriate limiting instruction to the jury." *United States v. Pitre*, 960 F.2d 1112, 1119 (2d Cir. 1992).

leadership under such circumstances." (Gov't's Opp'n at 4–5, 7–8.) Defendant contends that the additional details offered by the Government are of limited "additional probative value" because the fact that he was convicted of a public corruption offense is "sufficient to demonstrate Mr. Rowland and his alleged co-conspirators' purported motives to the jury" and the additional evidence "would be far more prejudicial than probative."[5] (Def.'s Mem. Supp. at 3–4.)

In the Court's view, Defendant's revised proposal comes closer to striking the appropriate balance of allowing sufficient details to show why the alleged co-conspirators would be motivated to conceal Mr. Rowland's paid role for the Wilson-Foley campaign without including unnecessary details regarding the 2004 conviction that could "lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief*, 519 U.S. at 180. Thus, witnesses will be permitted to testify regarding the general nature of Mr. Rowland's conviction, i.e., describing it as a conspiracy related to public corruption for personal gain and tax fraud using Mr. Rowland's official authority as Governor, without allowing testimony regarding Mr. Rowland's specific conduct, i.e., that he accepted bribes in exchange for steering State business to his political supporters. This suffices to support the Government's theory of

---

[5] Although Defendant contends that there is a risk that details of the 2004 conviction would "specifically portray Mr. Rowland as corrupt and invite the jury to convict him on that basis" (Def.'s Mem. Supp. at 3–4), the charges in the instant case are largely dissimilar to those charged in 2004 in that the 2004 conviction was for receiving bribes related to Mr. Rowland's official duties as Governor while the instant case involves alleged campaign finance violations and obstruction of justice. *Cf. United States v. McCallum*, 584 F.3d 471, 477 (2d Cir. 2009) ("[P]rior convictions for the same type of conduct for which [the defendant] was on trial appears to us to be classic, and powerful, evidence of propensity.").

why the alleged co-conspirators were sensitive to a public association between Mr. Rowland and the Wilson-Foley campaign but does not compromise trial fairness with detail or rhetoric with potential to misplace jurors' attention. The "incremental value" of such additional offense-specific details about Defendant's conviction would be slight in that they would increase the risk of unfair prejudice and provide only minimal additional probative value.[6] *See United States v. McCallum*, 584 F.3d 471, 477 (2d Cir. 2009) ("The availability of other, less prejudicial, evidence on the same point ordinarily reduces the probative value of a given item of extrinsic evidence. If the incremental value is slight, and the possibility of prejudice through misuse by the jury great, the court should exclude the evidence under Rule 403." (quoting 2 Weinstein, Federal Evidence § 404.21) (alterations omitted)).

---

[6] Accordingly, there is no need for witnesses to describe Mr. Rowland's 2004 conviction as involving "bribery" or that Mr. Rowland received payments in exchange for steering State business to his political supporters. Because the Court does not yet know what words witnesses will use to characterize this conviction, it adopts a somewhat less restrictive approach than that proposed by Defendant such that witnesses are not bound to a particular "script," such as Mr. Rowland "resigned and pled guilty to corruption- and tax-related charges relating to his conduct while Governor." Instead, witnesses may use their own words to provide a general description of Mr. Rowland's corruption of his office within the parameters set forth above.

### III. Conclusion

Defendant's Motion [Doc. # 58] *in limine* is GRANTED with modification as set forth above.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 11th day of August, 2014.
