UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHN G. ROWLAND | Criminal No. 3:14cr79 (JBA)<br><br>August 11, 2014 |

### RULING ON DEFENDANT'S MOTION FOR A PRETRIAL HEARING ON THE ADMISSIBILITY OF COCONSPIRATOR STATEMENTS

Defendant John G. Rowland moves [Doc. # 84] for the Court to hold a "*James* hearing,"[1] to make a pretrial determination as to whether the conspiracy alleged in the Superseding Indictment can be proven by a preponderance of the evidence and thus are admissible as coconspirator statements under Fed. R. Evid. 801(d)(2)(E).  For the reasons that follow, Defendant's motion is denied.

Under Rule 801(d)(2)(E) a statement "is not hearsay" if it "is offered against an opposing party and" is made by the "party's coconspirator during and in furtherance of the conspiracy."  "In order to admit an extra-judicial statement by a co-conspirator under Rule 801(d)(2)(E), the district court must find by a preponderance of the evidence '(1) that there was a conspiracy, (2) that its members included the declarant and the party against whom the statement is offered, and (3) that the statement was made both (a) during the course of and (b) in furtherance of the conspiracy.'" *United States v. Diaz*, 176

---

[1] *See United States v. James*, 590 F.2d 575, 582 (5th Cir. 1979) ("The district court should, whenever reasonably practicable, require the showing of a conspiracy and of the connection of the defendant with it [pretrial] before admitting declarations of a coconspirator.").

F.3d 52, 83 (2d Cir. 1999) (quoting *United States v. Tracy,* 12 F.3d 1186, 1196 (2d Cir. 1993)).[2]  As Defendant acknowledges, the rule in this Circuit is that courts should permit coconspirator statements to be conditionally admitted and then the Court "must determine, when all the evidence is in, whether in [its] view the prosecution has proved participation in the conspiracy, by the defendant against whom the hearsay is offered, by a fair preponderance of the evidence . . . .  If it has, the utterances go to the jury for them to consider along with all the other evidence in determining whether they are convinced of defendant's guilt beyond a reasonable doubt.  If it has not, the judge must instruct the jury to disregard the hearsay or, when this was so large a proportion of the proof as to render a cautionary instruction of doubtful utility . . . declare a mistrial if the defendant asks for it." *United States v. Geaney*, 417 F.2d 1116, 1120 (2d Cir. 1969).[3]  The so-called "*James* hearing" approach that Defendant requests has been rejected by the Second Circuit in *Geaney* and district courts in the Circuit have almost universally rejected requests for such hearings.  See *United States v. Feola*, 651 F. Supp. 1068, 1129–30 (S.D.N.Y. 1987) ("In this Circuit, the functional equivalent of what the Fifth Circuit calls a *James* hearing and requires before trial is provided by a *Geaney* ruling, which is provided

---

[2] A court can consider the contents of the statement sought to be admitted in making this determination.  *Bourjaily v. United States*, 483 U.S. 171, 181 (1987).

[3] In *United States v. Tracy*, 12 F.3d 1186, 1200 (2d Cir. 1993), the Second Circuit held that it was error for the district court to specifically inform the jury that it had found that the government had proved a conspiracy existed by a preponderance of the evidence because "as is generally true in a *Geaney* situation, the preconditions to admissibility include elements of the offenses with which the defendants are charged."  Instead, the court "should make [its] *Geaney* findings outside the presence of the jury, and the jury should not be told what facts the judge believes have been established."  *Id.*

only during trial, and relies for its basis on the facts adduced at trial, including evidence received subject to a motion to strike at the close of the Government's case."). The justification for denying a *James* hearing is generally that it would require the Court "to undertake a mini-trial, significantly prolonging the proceedings and affording the defendant a complete preview of the government's evidence." *United States v. Smith*, No. 3:10-CR-148 (EBB), 2012 WL 2338707, at *1 (D. Conn. June 19, 2012) (internal quotation marks and alterations omitted).

Defendant offers two justifications for why the Court should hold a *James* hearing on the admissibility of alleged coconspirator statements. First, while acknowledging the *Geaney* rule, Defendant contends that the 1997 amendment and advisory committee note's to Rule 801(d)(2)(E), which post-date *Geaney*, "make clear that the admissibility of statements made by a co-conspirator is a preliminary issue that courts must address before trial." (Def.'s Mem. Supp. [Doc. # 84-1] at 6–7.) However, "a preliminary question" of evidence is not one that necessarily requires a pretrial hearing; rather it is a question that must be decided before evidence is admitted—be it before or during trial. *See* Fed. R. Evid. 104. According to the advisory committee's notes to 801(d)(2)(E), the 1997 amendments were designed to respond to *Bourjaily v. United States*, 483 U.S. 171, 175 (1987), where the Supreme Court held that "the existence of a conspiracy and petitioner's involvement in it are preliminary questions of fact that, under Rule 104, must be resolved by the court." In *Bourjaily*, however, the Supreme Court expressly declined to "express an opinion on the proper order of proof that trial courts should follow in concluding that the preponderance standard has been satisfied in an ongoing trial." *Id.* at 176 n.1. Additionally, Rule 104(b) expressly provides that in deciding "preliminary

3

questions," a court "may admit the proposed evidence on the condition that the proof be introduced later."[4]  Accordingly, the advisory committee's notes and the 1997 amendments to Rule 801(d)(2)(E) are not inconsistent with *Geaney*.

Second, Defendant contends that even if the Court determines that a *James* hearing is not required, it should exercise its discretion to hold one, because there is a substantial risk of a mistrial if the alleged coconspirator statements are conditionally admitted but ultimately not fully admitted.  (Def.'s Mem. Supp. at 7.)  However, Defendant has offered no "compelling factors that would warrant departure from the well-settled precedent in this Circuit" of not holding pre-trial hearings on this issue. *Smith*, 2012 WL 2338707, at *1.  Although the *Geaney* approach presents the possibility of having to declare a mistrial, in this case if the Government is unable to prove by even a preponderance of the evidence the existence of the conspiracy charged, there would likely be insufficient evidence for a conviction.  Additionally, Defendant has cited no case in which a district court in this Circuit has held a *James* hearing nor any cases in which the Second Circuit has held that such a hearing should have been held.[5]

---

[4] Rule 104(c) requires a hearing on preliminary questions outside the presence of the jury only to determine (1) the admissibility of a confession; (2) if a defendant in a criminal case is a witness and so requests; or (3) "when justice so requires."

[5] In *United States v. Saneaux*, 365 F. Supp. 2d 493, 504 n.10 (S.D.N.Y. 2005), cited by Defendant, the court did not hold a *James* hearing but instead ruled on a motion *in limine* that the government had not offered sufficient evidence to prove the "in furtherance" requirement for admissibility and thus directed that *at trial*, the government first had "to elicit and place before the jury all the evidence it will rely upon to satisfy all prerequisites of admissibility, including the 'in furtherance' requirement, so that [the court could] hear counsel argue the issue and rule upon the admissibility of the [coconspirator statements] before those declarations are placed before the jury."  The court explicitly noted that it would "adhere to the near uniform practice of district judges

For the foregoing reasons, Defendant's Motion *In Limine* [Doc. # 84] is DENIED as to his request for a pretrial hearing and the Court will make the Rule 801(d)(2)(E) findings after the close of the Government's case-in-chief.

IT IS SO ORDERED.

    /s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 11th day of August, 2014.

---

in this circuit and refrain from requiring the government to offer this proof in a pre-trial evidentiary hearing." *Id.* at 504. In *United States v. Arbelaez*, No. 00 CR. 1260 (RWS), 2001 WL 727017, at *2 (S.D.N.Y. June 28, 2001), also cited by Defendant, in denying a motion for severance, the court noted that "questions of the admissibility of the coconspirators' statements and whether to give a limiting instruction if the statements are admitted may be addressed pursuant to *in limine* motions," without indication that the court held or contemplated a *James* hearing.