UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    *v.*<br><br>JOHN G. ROWLAND | Criminal No. 3:14cr79 (JBA)<br><br>August 13, 2014 |

**RULING ON MOTION *IN LIMINE***

Defendant John G. Rowland moves [Doc. # 84] *in limine* to be allowed to impeach alleged co-conspirator statements introduced under Fed. R. Evid. 801(d)(2)(E) with inconsistent statements by those declarants,[1] pursuant to Fed. R. Evid. 806, regardless of whether the declarants testify.[2]

At the parties' pretrial conference, Defendant outlined two categories of impeachment statements that he will seek to introduce.  Under the first category, which the Government does not dispute is admissible, Defendant will impeach his alleged coconspirators' out-of-court coconspirator statements admitted under Rule 801(d)(2)(E) with their prior inconsistent statements under Rule 806.  (*See* Aug. 15, 2014 Hr'g Tr. [Doc. # 82] at 19–22, 24.)  Second, Defendant contends that he expects Mr. Foley to testify for the Government that Mr. Rowland did not do real work for his company and instead was paid through the company for his work on the campaign.  Defendant seeks to elicit from Executive 1 inconsistent statements that Mr. Foley made to him saying that Mr. Rowland would do real work for the company in order to impeach Mr. Foley.  (*Id.* at 29–30.)

---

[1] By a separate ruling, the Court denied [Doc. # 92] Defendant's motion for a pretrial hearing on the admissibility of Fed. R. Evid. 801(d)(2)(E) coconspirator statements.

[2] The parties first advised the Court of this evidentiary issues during a hearing on August 5, 2014, and the Court requested that the parties submit simultaneous briefing to clarify their respective positions.

After this conference, the parties submitted simultaneous briefing on this issue. Without elaborating on what specific testimony he seeks to introduce or impeach, Defendant moved only for the Court to "permit Mr. Rowland to introduce prior inconsistent statements of . . . alleged co-conspirator" statements introduced pursuant to Rule 801(d)(2)(E) "regardless of whether the alleged co-conspirator testifies." (Def.'s Mem. Supp. [Doc. # 84-3] at 1.) Defendant asks for no more than what Rule 806 provides, which is that when an out-of-court coconspirator statement is introduced pursuant to Rule 801(d)(2)(E),

> the declarant's credibility may be attacked, and then supported, by any evidence that would be admissible for those purposes if the declarant had testified as a witness. The court may admit evidence of the declarant's inconsistent statement or conduct, regardless of when it occurred or whether the declarant had an opportunity to explain or deny it. If the party against whom the statement was admitted calls the declarant as a witness, the party may examine the declarant on the statement as if on cross-examination.

Fed. R. Evid. 806. As the Advisory Committee's Note explains, "[t]he declarant of a hearsay statement which is admitted in evidence is in effect a witness" and "[h]is credibility should in fairness be subject to impeachment and support as though he had in fact testified." Fed. R. Evid. 806 advisory committee's note; *see also* 2 *McCormick On Evid.* § 324.2 (7th ed.) ("The rule effectively treats the hearsay declarant as a witness for impeachment purposes."). In its brief, the Government contends that Defendant "has argued that Fed. R. Evid. 806 permits him to offer at any time a declarant's out of court statement to impeach any statement of the declarant admitted pursuant to Fed. R. Evid 801(d)(2)(E)," but "Rule 806 is not nearly as expansive as the defendant suggests." (Gov't's Opp'n [Doc. # 85] at 13.) Defendant's motion does not seek such broad latitude to introduce out-of-court statements to impeach any coconspirator statement; just those that are inconsistent as permitted by Rule 806.

Defendant does not address the second category of potential impeachment statements identified at the pretrial conference, which involve the impeachment of

alleged coconspirators testifying for the Government at trial.  The Government represents that it intends to call Mr. Foley as a witness but does not intend to offer any of his out-of-court statements pursuant to Rule 801(d)(2)(E).  Therefore, by its own terms Rule 806, which only applies to statements admitted under a hearsay exception or Rule 801, does not apply.[3]  Thus to the extent that Defendant seeks to impeach Mr. Foley with out-of-court statements, Rule 613 is the appropriate vehicle.  *See Santos v. Murdock*, 243 F.3d 681, 684 (2d Cir. 2001) ("Prior inconsistent statements are generally admissible for impeachment purposes only and are inadmissible hearsay for substantive purposes unless they were made at 'a trial, hearing, or other proceeding, or in a deposition.'" (citing Fed. R. Evid. 613 and quoting Fed. R. Evid. 801(d)(1)(A)).

Accordingly, Defendant's motion *in limine* is GRANTED insofar as it only seeks to introduce a coconspirator's inconsistent statement or conduct when that coconspirator's out-of-court statement has been introduced under Rule 801(d)(2)(E).  *See United States v. Rosario*, 111 F.3d 293, 296 (2d Cir. 1997) ("Rule 806 simply makes an otherwise hearsay statement admissible when the declarant (co-conspirator) has not taken the stand, but his statements have nevertheless come into evidence as a statement in furtherance of the conspiracy.").

IT IS SO ORDERED.

   /s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 13th day of August, 2014.

---

[3] In instances where an alleged coconspirator is called and his Rule 801(d)(2)(E) statements are introduced, Rule 806 provides that Defendant "may examine the declarant on the statement as if on cross-examination."