UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------x
                                                  :
UNITED STATES OF AMERICA    :
                                                  :
        v.                                 :
                                                  :      Case No. 3:14-CR-79 (JBA)
JOHN G. ROWLAND              :
                                                  :
                                                 :
                                               :      Dated: December 9, 2014
---------------------------------------------------------x

# DEFENDANT JOHN G. ROWLAND'S
## <u>RESPONSIVE SENTENCING MEMORANDUM</u>

Reid H. Weingarten
William L. Drake
STEPTOE & JOHNSON LLP
1330 Connecticut Ave. NW
Washington, D.C. 20036
(202) 429-8082

Michelle L. Levin
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, New York 10036
(212) 506-3900

Peter G. Billings
BILLINGS & BARRETT, LLC
941 Grand Avenue, 2nd Floor
New Haven, CT 06511
PH: (203) 562-0900
FAX: (203) 562-0902
peter@billingsandbarrett.com
*Counsel for Defendant John G. Rowland*

**Table of Contents**

**Page**

Table of Authorities ......................................................................................................................... iii

I.   PRELIMINARY STATEMENT ........................................................................................ 1

II.  SENTENCING ANALYSIS ............................................................................................... 1

     A.   The Probation Office Utilized the Incorrect Guideline ........................................... 2

     B.   The Government's Proposed Enhancement Is Improper ........................................ 2

     C.   A Below-Guidelines Sentence Is Warranted ........................................................... 5

III. CONCLUSION .................................................................................................................. 8

# Table of Authorities

**Page(s)**

**CASES**

*United States v. Bliss*, 430 F.3d 640 (2d Cir. 2005) ...........................................................................4

*United States v. Braddock,* 3:12-cr-00157-JBA (D. Conn. 2012) ......................................................7

*United States v. Fredette*, 15 F.3d 272 (2d Cir. 1994) ........................................................................3

*United States v. Khimchiachvili*, 372 F.3d 75 (2d Cir. 2004) .............................................................4

*United States v. Williams*, 79 F.3d 334 (2d Cir. 1996) .......................................................................4

**STATUTES AND FEDERAL SENTENCING GUIDELINES**

18 U.S.C. § 3553 ..................................................................................................................................5

USSG § 2J1.2. .....................................................................................................................................3

USSG § 2C1.1 ..............................................................................................................................1, 2, 3

USSG § 3C1.1 .........................................................................................................................1, 2, 3, 4

Defendant John G. Rowland ("Mr. Rowland" or "John") respectfully submits this memorandum of law in response to the Government's December 5, 2014 sentencing memorandum and in further support of Mr. Rowland's December 4, 2014 sentencing memorandum (the "Opening Sentencing Memorandum").

I.  **PRELIMINARY STATEMENT**

Throughout his life, John has been dedicated to public service, community engagement, and helping others. These accomplishments and good deeds will forever be shadowed by John's 2004 and 2014 convictions, but they shine brightly in the many letters offered in support of John. They show that John still has much to offer society.

John has already been punished greatly. Even a Guidelines sentence, under the applicable Guidelines range of 18-24 months, would be disproportionate under the circumstances here. Similar campaign finance violations not involving bribery are typically addressed civilly or with a probation sentence, and Brian Foley and Lisa Wilson-Foley stand to receive no more than a one-year sentence.

For all these reasons, a sentence below the applicable Guidelines range of 18-24 months is warranted.

II.  **SENTENCING ANALYSIS**

Mr. Rowland's Opening Sentencing Memorandum demonstrated that: (1) the Probation Office erroneously calculated the Guidelines range by improperly applying USSG § 2C1.1; and (2) even under the correct Guidelines range of 18-24 months, a below-Guidelines sentence is warranted. The Government contends that § 2C1.1 is appropriate, but that the Probation Office erred in failing to apply an obstruction of justice enhancement under USSG § 3C1.1. As described below, § 2C1.1 is inapplicable here, a § 3C1.1 enhancement is inappropriate, and a sentence below the applicable Guidelines range of 18-24 months is warranted.

A. The Probation Office Utilized the Incorrect Guideline

Mr. Rowland's Opening Sentencing Memorandum showed that § 2C1.1 did not apply to the conduct at issue here. Most significantly, applying § 2C1.1 here would be inconsistent with two Circuit decisions and the text of the Guideline itself, which make clear that the Guideline only applies to bribery-related offenses. Moreover, even if the Guideline extended to other non-bribery-related offenses, the 6-level increase under § 2C1.1(b)(2) would not apply because Mr. Rowland did not receive a "benefit . . . in return for [making a] payment" as required. While the Government asserts that this provision does apply, it does so in a conclusory fashion. It has yet to address Mr. Rowland's arguments to the contrary despite opportunities to do so in its submissions to the Probation Office and to this Court, both of which post-date Mr. Rowland's own submissions.[1] If the Government addresses these arguments in its response brief, Mr. Rowland respectfully requests that he be given the opportunity to respond to them prior to sentencing.

B. The Government's Proposed Enhancement Is Improper

The Government contends that a § 3C1.1 enhancement applies to Mr. Rowland based upon the purportedly false draft contract between Mr. Rowland and Mr. Greenberg, the purportedly false contract between Mr. Rowland and the Law Offices of Christian Shelton, and the submission of the Greenberg draft contract to the Government by Mr. Rowland's prior counsel. The application of a § 3C1.1 enhancement is not supported by either the two allegedly false contracts or the alleged false statements presented by Mr. Rowland's former counsel, and it was properly rejected by the Probation Office.

---

[1] The Government's objections to the draft Pre-Sentence report were submitted five days after Mr. Rowland's submission. The Government's sentencing memorandum was filed on December 5, after Mr. Rowland's submission on December 4, 2014.

With respect to the allegedly false contracts, § 3C1.1 does not apply for three reasons. First, even if § 2C1.1 were the proper Guideline, a § 3C1.1 enhancement is inappropriate because, as the Probation Office concluded, Mr. Rowland's "actions do not rise to the level of types of conduct contemplated by the enhancement and that are not already captured in the offenses of conviction," given that the Guideline calculation already involved "fraud, false statements and deception."[2] Second, such an enhancement is prohibited by Application Note 7 to § 3C1.1. To avoid "double-counting" an obstruction offense as an obstruction enhancement, Application Note 7 prohibits application of the enhancement where § 2J1.2 guideline is the controlling guideline.[3] That is the case here because § 2J1.2 is the controlling guideline for the reasons stated in the Opening Sentencing Memorandum. Third, Application Note 1 to § 3C1.1 also prohibits application of the enhancement.[4] Note 1 makes clear that the enhancement only applies to conduct prior to an investigation where it was "purposefully calculated, and likely, to thwart the investigation or prosecution of the offense of conviction." Here, the Government has made no showing that the alleged false contracts were "likely" to thwart the investigation or prosecution of Mr. Rowland's offense of conviction, and, indeed, they did not. With respect to the Greenberg draft contract, the contract was itself the basis for the offense of conviction. With

---

[2]  *United States v. Rowland*, 3:14-cr-00079-JBA, Docket No. 177-3, Addendum to the Presentence Report.

[3]  USSG § 3C1.1 Application Note 7 ("If the defendant is convicted of an offense covered by . . . §2J1.2 (Obstruction of Justice) . . . this adjustment is not to be applied to the offense level for that offense except if a significant further obstruction occurred during the investigation, prosecution, or sentencing of the obstruction offense itself."); *United States v. Fredette*, 15 F.3d 272, 275 (2d Cir. 1994) ("Case law addressing Application Note [7] of § 3C1.1 [enhancement for obstruction of justice] is scant. However, it is clear that the Sentencing Commission designed this provision to eliminate the possibility that a defendant could be convicted and sentenced for an obstruction-related offense and then be subject to an enhancement for the same base offense, a situation referred to as 'double counting.'") (emphasis removed).

[4]  USSG § 2C1.8, which specifically covers false campaign disclosures and violations of the contribution limits, is the appropriate Guideline for the conduct that the Government argues is covered under § 2C1.1 but application of that Guideline results in a lower offense level than application of § 2J1.2.

3

respect to the Shelton contract, its structuring – as between Shelton's law offices and Mr. Rowland – was offered by the Government in support of its theory of the case.

Alleged false statements by Mr. Rowland through his former counsel also do not support a § 3C1.1 enhancement. As with the allegedly false contracts, the Probation Office properly concluded that this conduct did not represent obstructive conduct that was sufficiently above and beyond the charged conduct to warrant the obstruction enhancement. This is because, under the Guideline, for these unsworn statements to qualify at all, they must have actually "significantly obstructed or impeded the official investigation or prosecution of the instant offense."[5] Here, there is no evidence that Mr. Rowland's prior counsel's statements actually obstructed or impeded the investigation in any way, given that Mr. Greenberg had already provided an account of Mr. Rowland's purported illicit offer at the time and the investigation proceeded undeterred thereafter.[6] In fact, these statements were offered to assist the Government by supplying the Government with the correct timing of Mr. Greenberg's receipt of the draft contract. As discussed in the Opening Sentencing Memorandum, Mr. Greenberg had repeatedly given the Government an incorrect account of the timing of his receipt of the draft contract.

---

[5] USSG § 3C1.1 Application Note 5(B) (noting that false statements to law enforcement did not qualify for enhancement absent a showing that they significantly obstructed or impeded the investigation of the offense); *United States v. Khimchiachvili*, 372 F.3d 75, 81 (2d Cir. 2004) ("We read the [obstruction enhancement] to circumscribe the circumstances under which a statement to a law enforcement officer constitutes obstruction of justice to those cases where the statement *in fact* obstructs justice."), *judgment vacated on other grounds sub nom. Berwick v. United States*, 544 U.S. 917 (2005); *United States v. Bliss*, 430 F.3d 640, 649 (2d Cir. 2005) (finding enhancement inappropriate "unless such conduct actually hindered or impeded the investigation or prosecution of the offense.").

[6] *United States v. Williams*, 79 F.3d 334, 337 (2d Cir. 1996) (finding that false statements from a defendant were insufficient where law enforcement officers already possessed contrary incriminating information).

### C. A Below-Guidelines Sentence Is Warranted

The Government contends that a sentence of between 37 to 46 months is warranted. It is not. Even a sentence within the correct Guidelines range of 18-24 months would be excessive when considering the applicable factors under 18 U.S.C. § 3553(a).

First, a below-Guidelines sentence would appropriately reflect Mr. Rowland's history and personal characteristics. The Opening Sentencing Memorandum demonstrated that Mr. Rowland's long history of public service and civic engagement, his commitment to friends and family, and mentoring of young people all support a below-Guidelines sentence. A Guidelines sentence would not account for these aspects of Mr. Rowland's history and character. The Government's Sentencing Memorandum ignores this. It instead retreads Mr. Rowland's prior conviction – conduct for which Mr. Rowland has already been punished – at length. And it gratuitously diminishes Mr. Rowland's accomplishments and disparages his character with its description of Mr. Rowland as "arrogan[t]," and assertions that "he delights in the illicit, dark side of politics," "poses a danger to the public," and "has been a blight on Connecticut politics." (Gov't Sentencing Mem. at 2, 17, 18). This type of language is unnecessary to the Government's submission and unhelpful to the Court. Most importantly, it is unwarranted. Mr. Rowland's many contributions to society in both public and private life are well documented in the letters offered in his support.

Second, the nature and circumstances of the alleged offense support a below-Guidelines sentence. As discussed in the Opening Sentencing Memorandum, the alleged offense did not involve the corruption of public officials. And the harm that the Government does claim – the loss of the public's right to know – is overstated by the Government. The Government argues that Mr. Rowland's conduct "threatens the very fabric of our society," "struck at two central pillars of our democracy," and warrants a "lengthy term in federal prison." (Gov't Sentencing

Mem. at 14, 16, 18). This rhetoric is difficult to reconcile with the Government's own charging decisions in this case, in which three alleged co-conspirators went uncharged and two were charged only with misdemeanors. It is equally difficult to square with the actual facts of the case. The purported Greenberg scheme never advanced beyond a draft contract. And, even if the contract had been executed, the testimony at trial was uniform that Mr. Rowland's association with the campaign would have been plain to the public. Similarly, the alleged Foley scheme did not obscure Mr. Rowland's association with the campaign. Mr. Rowland contacted delegates, participated in fundraisers, and attended public events in support of the Wilson-Foley campaign.[7] In short, Mr. Rowland's ties to the Wilson-Foley campaign were visible and known to the public.

Third, a below-Guidelines sentence would provide both sufficient specific and general deterrence, as well as respect for the law. As discussed in the Opening Sentencing Memorandum, Mr. Rowland does not pose a risk of recidivism. He is 57 years old, and has no intention, or ability, to return to politics where both his 2004 conviction and the alleged offense conduct here occurred. And a below-Guidelines sentence would nonetheless demonstrate the seriousness with which expenditure disclosure failures, which are ordinarily addressed civilly, are treated.

---

[7] The Government also makes much of Mr. Rowland's alleged use of his radio show to promote the Wilson-Foley campaign and to "execute a political hit-job on Andrew Roraback." That conduct is non-criminal and the Government provides an incomplete account of it. The evidence shows that Mr. Roraback was not singled out for attack. Mr. Rowland's supposed attack on Mr. Roraback was related to Mr. Roraback's position on the death penalty. The issue was regularly discussed by Mr. Rowland on his radio show, with Mr. Rowland being in favor of the death penalty, well before the 2012 campaign. It was of heightened interest at the time of the alleged attack with an upcoming repeal vote in the state legislature, where Mr. Roraback then served. Mr. Roraback was a swing vote on the issue and Mr. Rowland's radio show gave out his and other swing voters' phone numbers over the air. Finally, Mr. Rowland's statement to the FCC that Mr. Rowland did not give out Mr. Roraback's cell phone number over the air (GX404) was truthful. If the Government had introduced Mr. Rowland's FCC statement into evidence, Mr. Rowland's radio show co-host Will Marotti was prepared to corroborate Mr. Rowland's account with testimony that Mr. Marotti, and not Mr. Rowland, gave out Mr. Roraback's phone number.

Fourth, a below-Guidelines sentence would avoid an unwarranted sentencing disparity. The Government asserts that the sentence imposed by the Court in *United States v. Braddock* provides an appropriate benchmark. (Gov't Sentencing Mem. at 19). It does not. That case meaningfully differs from the case here. *Braddock* involved an attempt by the finance director of a congressional campaign to "trade promises of specific legislative action" in exchange "for campaign contributions," utilizing unlawful conduit contributions to do so.[8]

> Simply stated, Mr. Braddock was on the receiving end of a series of bribe payments. He sought out those payments, coordinated those payments and assured [the bribers] that the payments would accomplish their illegal objectives. He coached his co-conspirators and used his position to serve as the gateway between [the bribers] and [the candidate.] Further, . . . Mr. Braddock assumed responsibility for concealing the corrupt scheme by insuring that false contributor information was reported to the FEC.[9]

The sentences imposed in the numerous conduit contribution cases cited in the Opening Sentencing Memorandum, in which probation is typically ordered, provide a more appropriate reference point. Those cases, like this one, did not involve an attempt to influence public policy. But the most relevant sentences go unmentioned in the Government's brief – the sentences Mr. Foley and Ms. Wilson-Foley will receive. Their sentencing exposure is capped at one year based on a "package deal"[10] struck by Mr. Foley despite their similar culpability:

- The Foleys engaged in all of the conduct Mr. Rowland has been charged with related to the 2012 campaign to <u>at least</u> an equal extent. Ms. Wilson-Foley was directly responsible, as the candidate, for the allegedly false FEC filings and was the knowing beneficiary of Mr. Rowland's alleged improper campaign assistance. Mr. Foley admitted to masterminding the supposed criminal scheme.

---

[8] *United States v. Braddock*, 3:12-cr-00157-JBA (D. Conn. 2012), Docket No. 310, August 14, 2013 Government's Memorandum in Aid of Sentencing at 1.

[9] *Id.* at 22.

[10] The Foleys' "package deal" also included an agreement by the Government not to pursue members of the Foleys' family and friends who participated in the conduit contribution scheme, or any other alleged co-conspirator aside from Mr. Rowland.

7

- The Foleys engaged in significant criminal conduct wholly unrelated to Mr. Rowland involving over $500,000 in conduit contributions to Ms. Wilson-Foley's campaign.

- Ms. Wilson-Foley never cooperated with the Government.

Mr. Rowland should, in fairness, receive a sentence similar to that received by the two people who engaged in the most similar conduct.

## III. CONCLUSION

For all these reasons, and those stated in the Opening Sentencing Memorandum, Mr. Rowland respectfully requests that the Court impose a non-Guidelines sentence below the applicable Guidelines range of 18-24 months. A below-Guidelines sentence would appropriately reflect Mr. Rowland's positive contributions to society and the seriousness of the alleged offense conduct – conduct that did not involve the corruption of public officials – as well as the sentences that Mr. Foley and Ms. Wilson-Foley can expect to receive in this case.

Respectfully submitted,

/s/ Reid H. Weingarten
Reid H. Weingarten [phv01200]
William L. Drake [phv06671]
STEPTOE & JOHNSON LLP
1330 Connecticut Ave. NW
Washington, D.C. 20036
PH: (202) 429-8082
FAX: (202) 429-3902
rweingarten@steptoe.com
wdrake@steptoe.com

Michelle L. Levin [phv06670]
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, New York 10036
PH: (212) 506-3900
FAX: (212) 506-3950
mlevin@steptoe.com

Peter G. Billings [ct28629]
BILLINGS & BARRETT, LLC
941 Grand Avenue, 2nd Floor
New Haven, CT 06511
PH: (203) 562-0900
FAX: (203) 562-0902
peter@billingsandbarrett.com

*Counsel for Defendant John G. Rowland*

Dated: December 9, 2014