UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>JOHN G. ROWLAND | Criminal No. 3:14cr79 (JBA)<br><br>December 30, 2014 |

**RULING ON DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL**

Following a jury trial in which the jury returned a verdict of guilty on all seven counts in the Superseding Indictment, Defendant John G. Rowland moves [Doc. # 151] for a judgment of acquittal pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure.

Defendant previously made an oral motion [Doc. # 130] for judgment of acquittal pursuant to Fed. R. Crim. P. 29(a) after the close of the Government's case-in-chief "on the ground that the government's evidence at trial was insufficient to sustain a conviction on any count." (Sept. 15, 2014 Tr. [Doc. # 171] at 139.) Defense counsel did not elaborate on the facts in support of the motion and clarified that they were "making simply a general motion now, but we want to reserve the right to file a written motion that lays out our grounds in detail and also the cases on which we rely" after all evidence was received and before the jury was charged. (*Id.*) No further motion was filed before the jury was charged and, on September 17, 2014 after the close of the evidence, the Court denied [Doc. # 136] Defendant's motion by text order.

Like his original oral motion, Defendant's current motion, filed September 24, 2014, without a supporting memorandum, sets forth no basis for the relief that he seeks.

In a December 22, 2014, telephonic conference with counsel on the record, the Court indicated that it was considering denying Defendant's motion under Local Rule 7, which provides that any "motion involving disputed issues of law shall be accompanied by a written memorandum of law" and that "[f]ailure to submit a memorandum may be deemed sufficient cause to deny the motion." Loc. Civ. R. 7(a)1; Loc. Crim. R. 1(c). After this conference, Defendant filed [Doc. # 189] a memorandum of law in support of his motion, contending that Local Rule 7's requirement of a written memorandum did not apply and asking the Court to consider his motion on the merits but still failing to set forth any factual or legal basis for the relief sought.

Rule 29(a) of the Federal Rules of Criminal Procedure provides that the "court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Because "the very nature of such motions is to question the sufficiency of the evidence to support a conviction," the Second Circuit has held that "the defendant need not specify the ground of the motion in order to preserve a sufficiency claim for appeal." *United States v. Gjurashaj*, 706 F.2d 395, 399 (2d Cir. 1983).[1]

Because a Rule 29 motion involves factual and not legal questions, the Court concludes that the absence of a supporting memorandum is a proper basis, standing

---

[1] By contrast in the civil context, the Federal Rules require that a motion "state with particularity the grounds for seeking the order," Fed. R. Civ. P. 7(c), language which is absent from Fed. R. Crim. P. 29. *See* 2A Wright & Miller, *Fed. Prac. & Proc. Crim.* § 466 (4th ed.) ("A general motion for a judgment of acquittal is a proper method to challenge the sufficiency of the evidence. . . . Specificity is not required by Rule 29 . . . ."); *United States v. Marston*, 694 F.3d 131, 135 (1st Cir. 2012) ("[G]eneral objections are permissible on Rule 29 motions.").

alone, for disposition of Defendant's pending motion. Whether this barebones motion is sufficient to preserve Defendant's appellate challenge to the sufficiency of the evidence will be left to the Second Circuit.

However, Local Rule 7 further provides that "[n]othing in this Rule shall require the Judge ruling on the motion to review portions of the record in response to a motion, where the moving papers do not make specific reference to such portions of the record."[2] Loc. Civ. R. 7(a)1. Because Defendant has not expounded on any specific basis for the relief sought or cited to any portion of the record and the Court had no independent impression of any obvious deficiency in the sufficiency of the evidence supporting conviction, he has not met his "heavy burden" to overturn the jury's verdict at this juncture. *United States v. Nelson*, 277 F.3d 164, 195 (2d Cir. 2002).

---

[2] Defendant contends that the "natural corollary" of the rule that a general motion for acquittal during trial is sufficient to preserve such an objection on appeal is that "once a defendant makes a general motion for acquittal, the burden shifts to the Government to set forth its proof." (Def.'s Mem. Supp. [Doc. # 189] at 3.) But the cases cited by Defendant are in the appellate context and do not hold that the Government bears the burden before the district court of setting forth its proof in response to a general motion under Rule 29. For example, in *Gjurashaj*, while the Second Circuit stated that in response to a general motion "it is incumbent upon the government to review its proof as to the facts required to establish each element of each offense alleged," it did not hold that the government was required to set forth such facts to the district court but only that its "neglect to do so is not a charge upon the defendant" in terms of preserving the issue for appeal. *Id.* Likewise, the Seventh Circuit has explained that a general motion under Rule 29 serves the purpose of putting "the government on notice" that a defendant is contesting the sufficiency of the evidence and therefore preserves such a challenge on appeal. *United States v. South*, 28 F.3d 619, 627 (7th Cir. 1994).

Accordingly, Defendant's Motion [Doc. # 151] for Judgment of Acquittal is DENIED.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 30th day of December, 2014.