

U.S. Department of Justice

*United States Attorney*
*District of Connecticut*

---

*Connecticut Financial Center*         *(203)821-3700*
*157 Church Street, 25th Floor*        *Fax (203) 773-5376*
*New Haven, Connecticut 06510*         *www.justice.gov/usao/ct*

December 29, 2014

**VIA ELECTRONIC MAIL**
Sandra Hunt
United States Probation Office
157 Church Street, 22nd Floor
New Haven, CT 06510

Re:   *United States v. John G. Rowland*, 3:14cr79 (JBA)

Dear Ms. Hunt:

On December 17, 2014, the defense filed a letter to the Court in reply to the Government's supplemental sentencing memorandum. On December 22, 2014, the Court noted that the defense had suggested for the first time that monies paid to Mr. Rowland over two election reporting periods should not be aggregated when calculating the total loss under the sentencing guidelines. I write to address that discrete issue.

Under the guidelines, loss is defined as "the reasonably foreseeable pecuniary harm that resulted from the offense." *See* U.S.S.G. § 2B1.1, Application Note 3(A)(i). The guidelines broadly define the term "offense" as "the offense of conviction and all relevant conduct under § 1B1.3." *See* U.S.S.G. § 1B1.1, Application Note 1(I). Therefore any loss, regardless of whether it is tied to a particular reporting period or even a particular count, is aggregated if the conduct causing that loss constitutes the offense of conviction or relevant conduct. Here, after grouping, the relevant offense of conviction is Mr. Rowland's conviction for conspiracy to defraud the United States. As charged, that conspiracy spanned the Q4 2011 reporting period and the Q1 2012 reporting period. All amounts paid to Mr. Rowland during the period of that conspiracy are properly calculated as part of the loss resulting from the offense of conviction. However, even if the Court were to group the offenses under § 2C1.8, the Court would still be required to aggregate the amounts paid in Q4 2011 ($15,000) and Q1 2012 ($20,000) because both amounts

Sandra Hunt
December 29, 2014
Page 2

were caused by an offense of conviction. Mr. Rowland was convicted on both counts. More importantly, both counts are part of the same course of relevant conduct as defined by U.S.S.G. § 1B1.3. It is illogical to suggest that aggregation is inappropriate simply because a statutory offense is tied to a particular time period. This is true of many cases. For example, tax offenses are often tied to a reporting year, but the guideline range is calculated by aggregating the loss over multiple years. Likewise, section 666 offenses are tied to a 12-month period for jurisdictional purposes, but the loss is aggregated if the conduct continued over several years.

The Sentencing Commission makes clear that the loss guidelines are designed to capture the full magnitude of one's offense(s), regardless of the statutory offense of conviction:

> [A] single pattern of offense conduct usually can be prosecuted under several code sections, as a result of which the offense of conviction may be somewhat arbitrary.
>
> . . .
>
> The Commission has determined that, ordinarily, the sentences of defendants convicted of federal offenses should reflect the nature and magnitude of the loss caused or intended to be caused by their crimes.

The Government respectfully submits that the appropriate measure of loss in this case is the aggregated value of unlawful payments received by Mr. Rowland.

Sincerely,

*[signature]*

CHRISTOPHER M. MATTEI
ASSISTANT UNITED STATES ATTORNEY

*[signature]*

LIAM BRENNAN
ASSISTANT UNITED STATES ATTORNEY