UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>JOHN G. ROWLAND | Criminal No. 3:14cr79 (JBA)<br><br>March 19, 2015 |

**OPINION AND RULING ON THE APPLICATION
OF THE ADVISORY SENTENCING GUIDELINES**

This ruling details the Court's analysis of the applicable advisory guidelines utilized at Defendant's sentencing hearing on March 18, 2015.

**I.     Background**

After trial, the jury found Defendant John G. Rowland guilty on all seven counts of the indictment charging falsification of records, 18 U.S.C. § 1519 (Counts One and Three); conspiracy to commit an offense against or to defraud the United States, 18 U.S.C. § 371 (Count Two); causing false statements, 18 U.S.C. § 1001(a)(2) (Counts Four and Five); and illegal campaign contributions, 2 U.S.C. §§ 441a(a)(1)(A), 441a(f) and 437g(d)(1)(A)(i) (Counts Six and Seven).

**II.    Discussion**

In determining the applicable sentencing guidelines calculation, the parties agree that the Probation Office properly grouped the offenses of conviction, because all counts "involve substantially the same harm."  U.S.S.G. § 3D1.2.   The applicable offense guideline is then that which results in the "highest offense level of the counts in the Group."  U.S.S.G. § 3D1.3.

The United States Probation Office determined that the applicable offense guideline was U.S.S.G. § 2C1.1(a)(2) for the conspiracy conviction (Count Two) and Defendant's base offense level was 12 with a 6-point enhancement under U.S.S.G. § 2C1.1(b)(2) based upon Mr. Rowland's gain from the offense. (PSR [Doc. # 177] ¶¶ 43–44.) With an adjusted offense level of 18 and a Criminal History Category II, the PSR calculates an advisory range of 30 to 37 months' imprisonment.

The Government concurred with this analysis except it contended that the Court should apply a 2-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1, resulting in an offense level of 20 with a sentencing range of 37 to 46 months. (Gov't's Mem. [Doc. # 182] at 4.) Defendant maintained that § 2C1.1 only applies "to offenses involving bribery or the extortion of a public official." (Def.'s Mem. [Doc. # 181] at 33.)

The Court concluded that Defendant was correct that § 2C1.1 applies only to bribery and similar offenses and instead applied § 2C1.8 for violations of the Federal Election Campaign Act with the 2-level enhancement under § 3C1.1 for obstruction of justice. With a base offense level of 8, 6 levels added for unlawful contributions of more than $30,000, and the 2-level enhancement under § 3C1.1, the resulting offense level is 16 with a 24 to 30 month sentencing range.

### A. Section 2C1.1 Applies Only to Bribery and Similar Offenses

U.S.S.G. § 2C1.1 is applicable to a conviction under 18 U.S.C. § 371 only if the conduct was a "conspiracy to defraud by interference with governmental functions." U.S.S.G. § 2C1.1, comment. (Statutory Provisions); *see also* U.S.S.G. App. A (Statutory Index). Where, however, an 18 U.S.C. § 371 conviction is "Not Covered by a Specific Offense Guideline," the general conspiracy provision of U.S.S.G. § 2X1.1 applies instead.

2

*See* U.S.S.G. § 2X1.1; U.S.S.G. App. A (Statutory Index). Therefore, there are two potential guideline sections that could apply to Defendant's conspiracy conviction and the Court must apply the guideline that is "most appropriate for the offense conduct charged in the count of which the defendant was convicted." U.S.S.G. 1B1.2, comment. (n.1).

The Government maintains that § 2C1.1 applies on its face because the indictment charged Defendant with a conspiracy to defraud the United States "by impeding . . . the lawful government[al] functions of the FEC." (Superseding Indictment ¶ 32d.) While the guidelines do not explicitly state that § 2C1.1 applies only to conspiracies that involve bribery of public officials, the structure, language, and commentary to § 2C1.1 suggest such a limitation. U.S.S.G. § 2C1.1 is titled "Offering, Giving, Soliciting, or Receiving a Bribe; Extortion Under Color of Official Right; Fraud Involving the Deprivation of the Intangible Right to Honest Services of Public Officials; Conspiracy to Defraud by Interference with Governmental Functions." It also applies to violations of the Foreign Corrupt Practices Act, 15 U.S.C. § 78dd, *et seq.*; bribery of public officials, 18 U.S.C. § 201; bribery affecting port security, 18 U.S.C. § 226; honest services fraud, 18 U.S.C. §§ 1341, 1343; and extortion, 18 U.S.C. § 1951. *See Almendarez-Torres v. United States*, 523 U.S. 224, 234 (1998) ("[T]he title of a statute and the heading of a section are tools available for the resolution of a doubt about the meaning of a statute." (internal quotation marks omitted)).

The background to the section explains that it "applies to a person who offers or gives a bribe for a corrupt purpose, such as inducing a public official to participate in a fraud or to influence such individual's official actions, or to a public official who solicits

or accepts such a bribe." U.S.S.G. § 2C1.1, comment. (backg'd). It further explains that the section applies to honest services fraud and "conspiracy to defraud by interference with governmental functions," because such "fraud offenses typically involve an improper use of government influence that harms the operation of government in a manner similar to bribery offenses."[1] *Id.*

Two cases cited by Defendant confirm the viewpoint that the high base offense level of 12 under U.S.S.G. § 2C1.1 reflects the Sentencing Commission's determination that corruption of public officials by bribery merits harsher punishment than other frauds. In *United States v. Huizar-Velazquez*, 720 F.3d 1189, 1191 (9th Cir. 2013), the Ninth Circuit held that U.S.S.G. § 2C1.1 applies only to a conspiracy to defraud that harms the government "in a manner similar to bribery offenses" and therefore does not apply to a conspiracy conviction for evading import duties. *Id.* (quoting U.S.S.G. § 2C1.1, comment (backg'd)).

The Government does not dispute that *Huizar-Velazquez* undermines its position but contends that the Court should not follow the Ninth Circuit, criticizing it for "ignoring the precise statutory violation of conviction in favor of its generic characterization of the offense conduct in determining the applicable guideline provision." (Gov't's Reply [Doc. # 184] at 4.) However, the Ninth Circuit did not

---

[1] Indeed, bribery itself can be charged under 18 U.S.C. § 371. *See, e.g., United States v. Mocombe*, 4 F. App'x 52, 55 (2d Cir. 2001) (affirming conviction under 18 U.S.C. § 371 for conspiracy to defraud and bribery where the defendant bribed tax collectors to remove records of outstanding property taxes); *United States v. Smith*, 789 F.2d 196, 198 (3d Cir. 1986) (conspiracy to defraud under § 371 for bribing public officials to obtain government contracts).

"ignore" the offense of conviction but rather determined that U.S.S.G. § 2X1.1 rather than U.S.S.G. § 2C1.1 applied, both of which are listed in the Statutory Index for a violation of 18 U.S.C. § 371. *Huizar-Velazquez*, 720 F.3d at 1192.

In *United States v. Orsburn*, 525 F.3d 543, 544 (7th Cir. 2008), the Seventh Circuit held that U.S.S.G. § 2C1.1 did not apply to "simple theft by public officials" without bribes or kickbacks and vacated the sentence of a defendant convicted of mail fraud for embezzling funds from the township for which he worked. The court reasoned that although § 2C1.1 is among the guideline provisions applicable to mail fraud convictions, *see* U.S.S.G., App. A, the list of offenses in § 2C1.1 was "best understood in light of its companions (bribery, extortion, and interference with governmental functions)," which shows it "is designed to include the many kinds of bribery," but a "fraud that does not include bribery or any closely related offense is outside the scope of § 2C1.1." *Orsburn*, 525 F.3d at 546.

The Government attempts to distinguish *Orsburn* on the basis that it involved a conspiracy to defraud under the mail fraud statute (Gov't's Reply at 5–6), but the Seventh Circuit's reasoning is equally applicable to fraud charged under § 371 and the Government does not attempt to offer any justification for why frauds charged under the two statutes should be treated differently.[2]

The Government contends that the Eleventh Circuit's unpublished opinion in *United States v. Trent*, 306 F. App'x 482, 486 (11th Cir. 2009) "squarely" concluded that

---

[2] For example, if the defendant in *Orsburn* worked for the federal government rather than a local government but otherwise engaged in the same conduct and was charged under § 371, there is no sound reason why the analysis should be different.

§ 2C1.1 applies to § 371 conspiracies to defraud the United States unrelated to bribery. (Gov't's Reply at 6.) However, the defendant in *Trent* did not argue that § 2C1.1 applied only to bribery offenses, but rather that because "her primary criminal activity involved a scheme to defraud" a local housing authority, the guidelines for theft and embezzlement should have applied instead. *Trent*, 306 F. App'x at 490. The Eleventh Circuit did not discuss the argument advanced by Defendant here or examine the scope of § 2C1.1, and therefore *Trent* is inapposite.

The Government maintains that this conspiracy is similar to a bribery scheme, because it "also undermines a governmental entity's ability to fulfill its public purpose." (Gov't's Mem. at 5.) However, this scheme did not involve the "improper use of government influence," U.S.S.G. § 2C1.1, comment. (backg'd), that is associated with bribery and similar schemes. Rather, as in *Huizar-Velazquez*, Defendant sought to conceal his criminal activities by sneaking past, rather than bribing, the government gatekeepers. *See Huizar-Velazquez*, 720 F.3d at 1192 ("Sneaking shipments past Customs agents to evade duties is not subject to as harsh a punishment as bribing Customs agents.").

Accordingly, based on the text, structure, and the Sentencing Guidelines' commentary to the § 2C1.1 as well as the Ninth and Seventh Circuits' holdings, which the Court finds persuasive, the Court concludes that § 2C1.1 does not apply to Defendant's offense conduct.

### B. Applicable Offense Guideline is § 2C1.8

The Court must now apply the offense guideline that results in the highest offense level, *see* U.S.S.G. § 3D1.3, which the Court concludes is § 2C1.8 for violations of the

Federal Election Campaign Act[3] and results in an offense level of 16, because the base offense level is 8, 6 levels are added under §§ 2C1.8(b) and 2B1.1 for an illegal transaction of more than $30,000, and 2 levels are added under § 3C1.1 for obstruction of justice.[4]

### C.    Obstruction of Justice Offense Adjustment (U.S.S.G. § 3C1.1)

The obstruction enhancement applies:

> If (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense, increase the offense level by 2 levels.

U.S.S.G. § 3C1.1.  The application notes indicate that among the conduct to which the enhancement applies is "producing or attempting to produce a false, altered, or counterfeit document or record during an official investigation or judicial proceeding." U.S.S.G. § 3C1.1, comment. (n.4(C)).

The Government maintains that this enhancement is applicable because (1) Mr. Rowland created two false contracts through which he proposed to be paid for the Greenberg Campaign in 2009-2010 and through which he was actually paid for the

---

[3] Section 2C1.8 directs a court to apply § 2C1.1 "[i]f the offense involved a bribe or gratuity," U.S.S.G. § 2C1.8(c), which reinforces the Court's conclusion that § 2C1.8 is the applicable guidelines provision because this offense involved campaign finance violations and not bribery.

[4] Because, as discussed *infra*, Defendant maintains that the value of the illegal transaction was less than $30,000, resulting in just four levels added pursuant to §§ 2C1.8(b) and § 2B1.1, and that the two-level enhancement for obstruction of justice does not apply, under his calculation, § 2C1.8 results in an offense level of 12.  Therefore, Defendant maintains that § 2J1.2 for the obstruction of justice counts applies, because it results in the highest base offense level: a base level of 14 with no enhancements.

Wilson-Foley Campaign in 2011-2012; (2) in April 2013, he "presented the Greenberg contract to the Government to demonstrate that his proposal to Greenberg was unrelated to the campaign"[5] (Gov't's Mem. at 7); and (3) he agreed to structure the contract for the Wilson-Foley Campaign as being between himself and the Law Offices of Christian Shelton and submitted invoices for consulting services purportedly provided to the law firm in order to conceal his work for the campaign. (GX4–7.)

The Probation Office declined to apply this enhancement, concluding that Mr. Rowland's obstructive conduct was "already captured in the offenses of conviction" for conspiracy under U.S.S.G. § 2C1.1. (PSR Addendum [Doc. # 177-3] at 1.) However, the Court has concluded that § 2C1.8 applies instead, which relates to Counts Six and Seven charging Defendant with "causing" excess campaign contributions to be made by Brian Foley to the Wilson-Foley Campaign in the form of Mr. Rowland's compensation. (Superseding Indictment ¶¶ 40, 42.) The creation of the false consulting agreements is not necessarily a part of such an offense but rather represents the sort of additional conduct—creation of a false document in order to conceal the conduct underlying the conviction and submission of a similar contract to the Government to undermine an investigation—to which the enhancement squarely applies. *See United States v. Khimchiachvili*, 372 F.3d 75, 80 (2d Cir. 2004) (enhancement applies to "conduct that willfully interferes with or attempts to interfere with the disposition of the criminal

---

[5] The Government does not contend that the Apple contract was submitted to it during its investigation.

charges against a defendant"); U.S.S.G. § 3C1.1, comment. (n.4(C)).[6] Therefore, the Court will add 2 levels under § 2C1.8.

### D. Value of the Illegal Transaction (U.S.S.G. § 2C1.8(b))

Finally, Defendant contends the under U.S.S.G. §§ 2C1.8(b) and 2B1.1 the "'value of the illegal transaction' includes only the portion of Mr. Rowland's salary that qualifies as an 'expenditure' by the Wilson-Foley campaign" under the Federal Election Act and thus the value of Defendant's legitimate work for Apple should be subtracted from the $35,000 in payments that Mr. Rowland received from Brian Foley.[7] (Ltr. Michelle L. Levin to Court, Dec. 17, 2014 [Doc. # 185] at 5.) Even if, as Defendant argues and the parties have agreed to assume for purposes of analysis, Mr. Foley believed that the value

---

[6] Defendant also contends that the enhancement does not apply, because the Government has not shown that Mr. Rowland's "false statements" through his former counsel "'significantly obstructed or impeded the official investigation or prosecution of the instant offense.'" (Def.'s Reply [Doc. # 183] at 4 (quoting U.S.S.G. § 3C1.1, comment (n.4(G).)  But the example of covered conduct cited by Defendant is providing a false statement to law enforcement.  Example 4(C) for producing a false document during an official investigation is more applicable to Defendant's conduct and does not require the Government to show that a significant obstruction of the investigation actually resulted. *Cf. United States v. Bliss*, 430 F.3d 640, 649 (2d Cir. 2005) ("[M]isrepresentations made directly to law enforcement officers in the course of the investigation cannot be the basis for an obstruction-of-justice enhancement without a showing of actual prejudice . . . ."); *Khimchiachvili*, 372 F.3d at 80 (false statement on financial affidavit seeking appointed counsel did not merit obstruction enhancement because "[t]here is no indication . . . that the Sentencing Commission intended to provide that a false statement to a judge or magistrate not made for the purpose of obstructing justice should warrant an enhancement").

[7] Although § 2B1.1 is commonly referred to as the "loss table" because it quantifies the harm caused by larceny and fraud offenses, § 2C1.8(b)(1) incorporates the monetary figures in the § 2B1.1 table as reflecting the "value of the illegal transactions" rather than a "loss" caused by the offense.  Indeed, this case does not involve an ascertainable economic loss to any party but rather involves illegal payments.

of certain work that Mr. Rowland did for Apple was worth at least $5,000, this amount should not be subtracted from the guidelines calculation.[8]

There was no dispute at trial that Mr. Rowland's work had some value to Apple but Mr. Foley testified that he "really hired him for Apple to work on the campaign" and Defendant's actual work at Apple was just an attempt to provide "cover" and "legitimatiz[e]" the arrangement so "it wouldn't be discovered that the real reason was to have him work on the campaign." (Foley Tr. Vol. II [Doc. # 158] at 65.)  For purposes of determining the "value of the illegal transactions," the sentencing guidelines define an illegal transaction to include "any contribution, donation, solicitation, or expenditure of money or anything of value, or any other conduct, prohibited by the Federal Election Campaign Act of 1971."  U.S.S.G. § 2C1.8, comment. (n.1).  As the jury was instructed, "[a]ny payment made . . . in exchange for [a] person's work on or support of the campaign is a contribution to the candidate." (Jury Instructions [Doc. # 138] at 31.)

The trial evidence showed that all of the $35,000 that Mr. Foley paid Mr. Rowland was made in exchange for Mr. Rowland's work on the campaign.  Even if Mr. Rowland's work at Apple was worth at least $5,000 to the company, this value was simply a

---

[8] In his Motion [Doc. # 236] for Reconsideration, seeking an evidentiary hearing in support of his motion for a new trial, Defendant submitted a memorandum from Mr. Foley's counsel who represented that Mr. Foley told the Government that "the value of Mr. Rowland's work for Apple was at least $5,000." (Santos Email to Novak, Ex. C to Def.'s Mem. Supp.)  The Government disputes this account as a factual matter (Gov't's Opp'n [Doc. # 237] at 20–21), but during a telephonic conference with counsel on the record on March 16, 2015, the parties agreed to assume that Mr. Foley made such statements for purposes of analysis at sentencing and to instead focus their arguments on what, if any, effect such statements would have on the advisory guidelines calculation.

byproduct of the attempted cover-up of the true nature of the campaign contributions.[9] Therefore, any value that Mr. Rowland's work may have provided to Apple should not be subtracted from the guidelines and 6 offense levels were added under § 2C1.8(b).[10]

---

[9] To the extent that § 2C1.8(b) attempts to measure a defendant's relative culpability based on the value of his or her illegal campaign contributions, Defendant's culpability is increased not lessened by the fact that he attempted to cover-up his offense. In fact, similar conduct forms the basis for the obstruction of justice enhancement applied here.  See U.S.S.G. § 3C1.1.

[10] Defendant maintained in his briefing that the Government failed to demonstrate why the $35,000 in payments received by Mr. Rowland should be aggregated when Count Six related to $15,000 in payments for 2011 and Count Seven related to $20,000 in payments for 2012.  (Ltr. Michelle L. Levin to Court, Dec. 17, 2014 at 5.) Because Counts Six and Seven were grouped for sentencing purposes, "the offense level applicable to [the] Group is the offense level corresponding to the aggregated quantity." U.S.S.G. § 3D1.3(b); *see also United States v. Fitzgerald*, 232 F.3d 315, 320–21 (2d Cir. 2000) (holding that losses attributable to counts of tax evasion, fraud, and conversion over multiple years should be "aggregate[d]" to yield "the loss attributable to all of [the defendant's] offenses").

**III.     Conclusion**

As discussed above, the Court applied § 2C1.8 (Federal Election Campaign Act violation) with a base offense level of 8, *see* U.S.S.G. § 2C1.8(a), applied a 6-level enhancement for payments exceeding $30,000, *see* U.S.S.G. §§ 2C1.8(a) & 2B1.1, and a 2-level enhancement for obstruction of justice, *see* U.S.S.G. § 3C1.1, resulting in a total offense level of 16.  At Criminal History Category II, this resulted in an advisory sentencing range of 24 to 30 months' imprisonment (and a fine range of $5,000 to $50,000).  Considering the advisory sentencing guidelines and the 18 U.S.C. § 3553(a) sentencing factors, the Court imposed a sentence of 30 months' incarceration a fine of $35,000, and three years of supervised release.

        IT IS SO ORDERED.

        _____/s/_____
        Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 19th day of March, 2015.