```
 1                  UNITED STATES DISTRICT COURT

 2                    DISTRICT OF CONNECTICUT

 3

     ------------------------------ x
 4   UNITED STATES OF AMERICA       :
                                    :CASE NO. 3:14-CR-79
 5                                  :(JBA)
        -versus-                    :
 6                                  :
     JOHN G. ROWLAND                :February 23, 2015
 7                                  :4:40 p.m.
     ------------------------------ x
 8

 9                     TELECONFERENCE CALL

10       B E F O R E:   THE HONORABLE JANET BOND ARTERTON

11
     A P P E A R A N C E S:
12
     FOR THE GOVERNMENT:   CHRISTOPHER M. MATTEI
13                         ASSISTANT UNITED STATES ATTORNEY
                           450 Main Street
14                         Hartford, Connecticut  06103
                           Christopher.Mattei@usdoj.gov
15                         (860) 947-1101

16
      FOR THE DEFENDANT:   STEPTOE & JOHNSON, LLP
17                         1330 Connecticut Ave. NW
                           Washington, DC  20036
18                         BY:  REID H. WEINGARTEN, ESQUIRE
                                WILLIAM L. DRAKE, ESQUIRE
19                         (202)429-8082

20                         STEPTOE & JOHNSON, LLP
                           1114 Avenue of the Americas
21                         New York, New York  10036
                           BY:  ATTORNEY MICHELLE L. LEVIN
22                                JEFFREY A. NOVACK, ESQUIRE
                           (212) 506-3900
23

24   Court Reporter:       Julia Cashman, LSR
                           141 Church Street
25                         New Haven, Connecticut
```

```
16:42:20   1                THE COURT:  Good afternoon, counsel.
16:42:24   2                MR. MATTEI:  Good afternoon, your Honor.
16:42:25   3                THE COURT:  This is --
16:42:26   4                MR. WEINGARTEN:  Good afternoon, your Honor.
16:42:27   5                THE COURT:  -- United States versus John
16:42:29   6   Rowland, 14-CR-79.  I apologize for the delay in the
16:42:33   7   start of this conference.  May I have appearances,
16:42:36   8   please, starting with the Government.
16:42:37   9                MR. MATTEI:  Yes, your Honor, Chris Mattei
16:42:40  10   for the government.
16:42:42  11                THE COURT:  All right.  And for Mr. Rowland?
16:42:44  12                MR. WEINGARTEN:  Reid Weingarten in New
16:42:47  13   Orleans, and I think the others should identify
16:42:51  14   themselves because I'm not certain who's on and where
16:42:53  15   they are.
16:42:53  16                MS. LEVIN:  Michelle Levin in New York, with
16:42:56  17   Jeff Novack in New York as well.
16:42:57  18                MR. DRAKE:  And Will Drake in Washington, DC.
16:43:01  19                THE COURT:  Okay.  And the purpose of our
16:43:08  20   call, our conference today, is, as we had previously
16:43:14  21   discussed, to advise counsel with respect to the next
16:43:23  22   steps to be taken in this matter, after consideration of
16:43:30  23   Mr. Rowland's request that the Court order discovery and
16:43:35  24   an evidentiary hearing to assess whether the Government
16:43:39  25   failed to comply with its Brady obligations.
```

3

```
16:43:47   1              The Court has carefully reviewed all of the
16:43:52   2   submissions, and has concluded that the defendant's
16:43:59   3   request should be denied; that Brady doesn't require or
16:44:06   4   authorize the far reaching post trial discovery that the
16:44:10   5   defendant seeks, based on what appears to be speculation
16:44:16   6   regarding potential violations; and the defendant hasn't
16:44:22   7   identified a basis for the Court to conclude that such
16:44:27   8   discovery or hearing is warranted.
16:44:31   9              So I am denying your request for an
16:44:33  10   evidentiary hearing.  I'm denying your request for
16:44:38  11   further discovery.  And this matter should now be set
16:44:43  12   down for sentencing.
16:44:47  13              I would like to know whether or not there
16:44:52  14   are impediments to the timing of this sentencing
16:44:59  15   hearing.
16:45:02  16              MR. WEINGARTEN:  Judge, it's Reid
16:45:03  17   Weingarten.  I would respectfully request an
16:45:05  18   opportunity, if we're not going to have more discovery,
16:45:08  19   to file a Rule 33 motion.  I mean, we obviously take a
16:45:11  20   different view of the import of Craig Raabe's
16:45:14  21   information and we'd like to brief it.
16:45:21  22              THE COURT:  Well, if the Court has concluded
16:45:26  23   that an evidentiary hearing and further discovery is not
16:45:34  24   warranted, and does so accepting the accuracy of the
16:45:45  25   statements in Mr. Raabe's affidavit, what more is there
```

| | | |
|---|---|---|
| 16:45:53 | 1 | to consider on a Rule 33 motion? |
| 16:45:58 | 2 | MR. WEINGARTEN: Advocacy. You know, we |
| 16:46:01 | 3 | have not yet argued on, you know, the import of this |
| 16:46:05 | 4 | evidence. |
| 16:46:10 | 5 | THE COURT: Well, that's not how I read your |
| 16:46:14 | 6 | briefing. |
| 16:46:16 | 7 | MR. WEINGARTEN: It was preliminary, for |
| 16:46:17 | 8 | sure. And obviously we did the best we could. But I |
| 16:46:20 | 9 | mean I guess I thought that if we were able to show that |
| 16:46:28 | 10 | there was a difference in what the Government says Mr. |
| 16:46:32 | 11 | Raabe said, and what Mr. Raabe said, we would have a |
| 16:46:35 | 12 | hearing; and that certainly has been the case. And we |
| 16:46:39 | 13 | anticipated a hearing, you know, flushing out the record |
| 16:46:43 | 14 | and then, you know, filing the formal Rule 33 motion. |
| 16:46:47 | 15 | But, you know, we still would very much like to brief |
| 16:46:52 | 16 | the entire issue and complete the record. |
| 16:46:56 | 17 | THE COURT: If you have in fact planned for |
| 16:47:00 | 18 | that, does that mean that we can have your Motion for a |
| 16:47:05 | 19 | New Trial soon? |
| 16:47:10 | 20 | MR. WEINGARTEN: Of course. I mean, when I |
| 16:47:11 | 21 | say "planned," I anticipated. We haven't drafted it. |
| 16:47:15 | 22 | So certainly we would file the Rule 33 motion in an |
| 16:47:20 | 23 | expeditious manner, like I hope we've done in all other |
| 16:47:23 | 24 | matters. And just give us a time and we'll have it in. |
| 16:47:28 | 25 | THE COURT: A week? |

```
16:47:30   1              MR. WEINGARTEN:  Of course; we prefer two.
16:47:37   2              THE COURT:  Does the Government wish to be
16:47:38   3   heard?
16:47:41   4              MR. MATTEI:  Well, your Honor, obviously, I
16:47:46   5   mean our view is that the questions that would be
16:47:50   6   central to any Motion for a New Trial have been briefed
16:47:54   7   as part of this discussion about whether evidentiary
16:47:58   8   hearing and discovery is warranted.  And that's why we
16:48:01   9   framed our arguments in terms of both whether the
16:48:04  10   information was available to the defense, and whether it
16:48:06  11   would have been material, which are going to be the
16:48:09  12   identical questions raised in any motion for a New Trial
16:48:12  13   which were addressed in their response.
16:48:16  14              That said, I don't think there's any
16:48:19  15   procedural bar to Mr. Rowland filing a motion for a New
16:48:26  16   Trial based on, I suppose, the Raabe affidavit.  It just
16:48:30  17   seems like that briefing is going to be redundant at
16:48:33  18   this point, at least it will from the Government's
16:48:35  19   perspective, because we took pains to try to address and
16:48:41  20   exhausted as we could, every issue relating to Brady and
16:48:47  21   the Raabe affidavit.  So I guess I will defer to the
16:48:53  22   Court as to whether it will accept a Motion for a New
16:48:56  23   Trial from the defendant.  But I wouldn't expect the
16:48:59  24   motion to raise any issues that haven't already been
16:49:02  25   dealt with.
```

| | | |
|---|---|---|
| 16:49:02 | 1 | THE COURT: Well, Mr. Weingarten says that |
| 16:49:06 | 2 | he wants to deal with those issues with more precision, |
| 16:49:13 | 3 | with more advocacy, and in more detail. I'm going to |
| 16:49:21 | 4 | issue a ruling, a written ruling, that will set out in |
| 16:49:27 | 5 | much more depth why I do not find that an evidentiary |
| 16:49:37 | 6 | hearing or additional discovery has been shown to be |
| 16:49:43 | 7 | warranted. Whether that lays something of a road map |
| 16:49:54 | 8 | for what more could or should be argued in a Motion for |
| 16:49:59 | 9 | a New Trial remains to be seen, apart from the defendant |
| 16:50:06 | 10 | simply believing that the Court is wrong. But that may |
| 16:50:12 | 11 | demonstrate whether in fact there are more facts or a |
| 16:50:20 | 12 | more nuanced way of looking at those facts to see |
| 16:50:24 | 13 | whether a New Trial has been shown to be warranted. I |
| 16:50:33 | 14 | am loathe to deny a defendant these opportunities. And |
| 16:50:41 | 15 | before sentence is imposed, I think we should probably |
| 16:50:49 | 16 | have the full hearing. But, I will get this ruling out |
| 16:50:53 | 17 | in the next 24 to 48 hours, and I'd like to have the |
| 16:51:00 | 18 | Motion for a New Trial seven days from that ruling. And |
| 16:51:08 | 19 | perhaps, perhaps that ruling will facilitate or focus |
| 16:51:16 | 20 | what hasn't been raised, which provides the basis for |
| 16:51:21 | 21 | the new trial. How soon after the Defendant's filing is |
| 16:51:29 | 22 | the Government prepared to respond? |
| 16:51:33 | 23 | MR. MATTEI: Your Honor, I think we can do |
| 16:51:36 | 24 | it within a week. |
| 16:51:38 | 25 | THE COURT: Okay. |

| | | |
|---|---|---|
| 16:51:39 | 1 | MR. MATTEI: I think we can do it within a |
| 16:51:40 | 2 | week. We're not expecting anything new, so... |
| 16:51:43 | 3 | THE COURT: All right. So that's say 16 |
| 16:51:47 | 4 | days from now. I'd like to try to commandeer on your |
| 16:52:03 | 5 | calendar, as well as the Court's, a sentencing date in |
| 16:52:07 | 6 | the event a New Trial is not ordered because the |
| 16:52:13 | 7 | calendar gets so densely packed. Just a moment, please. |
| 16:53:01 | 8 | (PAUSE IN THE PROCEEDINGS.) |
| 16:53:01 | 9 | THE COURT: Okay, without any presumption as |
| 16:53:07 | 10 | to the outcome of the ruling on a Motion for New Trial, |
| 16:53:13 | 11 | but at least an assumption of a fair amount of the |
| 16:53:17 | 12 | Court's familiarity with at least the background on |
| 16:53:20 | 13 | which it would be predicated, can we set down sentencing |
| 16:53:25 | 14 | for March 18th? |
| 16:53:30 | 15 | MR. MATTEI: That's fine with the |
| 16:53:31 | 16 | Government, your Honor. |
| 16:53:31 | 17 | THE COURT: At ten a.m. |
| 16:53:33 | 18 | MR. WEINGARTEN: Can there be an |
| 16:53:35 | 19 | alternative? Right now, March 18th would not work for |
| 16:53:38 | 20 | me. If you can't, I'll try to push what I presently |
| 16:53:42 | 21 | have. It's not a court appearance, but it's a |
| 16:53:44 | 22 | longstanding out-of-town commitment I made with a |
| 16:53:49 | 23 | client. So if there's an alternative, I would be |
| 16:53:51 | 24 | grateful. |
| 16:53:59 | 25 | THE COURT: I perhaps have asked you this |

```
16:54:00  1    before, but what is the contemplation that you have
16:54:06  2    about the length of the hearing?  And I know that you
16:54:10  3    told me there would be a couple of witnesses, a couple
16:54:14  4    of persons speaking on behalf of Mr. Rowland.  But
16:54:17  5    remind me again how long you thought we would need.
16:54:20  6              MR. WEINGARTEN:  I haven't thought about
16:54:22  7    that in awhile, but my gut says half a day, on the
16:54:31  8    outside, you know, the most.  Either in the morning or
16:54:40  9    the afternoon.
16:54:46  10             THE COURT:  Well, the first full morning I
16:54:48  11   have is Wednesday, March 25th.
16:54:58  12             MR. WEINGARTEN:  The 18th before the -- I'm
16:55:00  13   in court on the 25th, so that -- I have a hearing, a
16:55:04  14   pretrial hearing on the 25th.  So between the 18th and
16:55:07  15   the 25th, the 18th is preferred.
16:55:19  16             THE COURT:  Is there a time of day that
16:55:22  17   works out better for you, Mr. Weingarten, on the 18th?
16:55:26  18             MR. WEINGARTEN:  No, the 18th, I'm supposed
16:55:28  19   to be in Tennessee.  I mean, I'll just figure -- I'll
16:55:32  20   make it work.
16:55:32  21             THE COURT:  All right, I appreciate that.
16:55:34  22   And I will similarly try to make it work by getting you
16:55:39  23   prompt rulings on all of this.  All right.
16:55:42  24             MR. WEINGARTEN:  Well, those, you can take
16:55:44  25   your time on.
```

```
16:55:48   1                THE COURT:  Unfortunately, if you take your
16:55:50   2   time with one, all the rest of the cars on the train
16:55:53   3   bump into you.
16:55:55   4                MR. WEINGARTEN:  I know how that works.
16:55:56   5                THE COURT:  All right, then, let's make that
16:55:59   6   schedule.  And if it becomes patently evident that it
16:56:04   7   won't work, I'll let you know as soon as possible.  But
16:56:07   8   this does work right now.
16:56:09   9                MR. WEINGARTEN:  Okay.
16:56:10  10                THE COURT:  Is there anything further that
16:56:11  11   we should take up?
16:56:13  12                MR. MATTEI:  Your Honor, Chris Mattei.  I
16:56:15  13   just wanted to clarify one thing.  What we understand is
16:56:18  14   that the defense's Motion for a New Trial is going to be
16:56:21  15   based exclusively on the matters raised in the Raabe
16:56:27  16   affidavit, and not any other grounds.  And so we're not
16:56:31  17   objecting based on that.  But if there are other
16:56:33  18   grounds, we would probably have a timeliness objection.
16:56:36  19   So I just wanted to make sure that that was clear.
16:56:42  20                THE COURT:  Mr. Weingarten?
16:56:44  21                MR. WEINGARTEN:  You know, your Honor, I
16:56:45  22   have no response because I thought the conversation was
16:56:49  23   going to be a little different than it turned out to be.
16:56:52  24   I mean, obviously we're thinking about the recent
16:56:55  25   matters that have come to the Court's attention in the
```

```
16:56:58   1   Raabe affidavit.  I don't know that -- there's nothing
16:57:01   2   in my head right now that suggests there are going to be
16:57:04   3   other matters.  But if there are, I mean perhaps the
16:57:07   4   appropriate thing would be to discuss it with the
16:57:12   5   Government, or ask for a conference call review.  I
16:57:14   6   mean, there's nothing in my head right now that says
16:57:16   7   that's going to be an issue.
16:57:17   8              THE COURT:  All right, let's keep the
16:57:18   9   schedule that we have for now, and hope that we can
16:57:23  10   bring this matter to an appropriate conclusion because
16:57:27  11   it has been pending for quite awhile.  Okay.  All right
16:57:32  12   then, anything further?
16:57:35  13              MR. MATTEI:  Nothing.
16:57:36  14              MR. WEINGARTEN:  Nothing from us, your
16:57:37  15   Honor.
16:57:37  16              THE COURT:  Thank you very much.  Good-bye.
          17
          18
          19   COURT REPORTER'S TRANSCRIPT CERTIFICATE
          20   I hereby certify that the within and foregoing is a true
          21   and correct transcript taken from the proceedings in the
          22   above-entitled matter.
          23   /s/ Julia Cashman
          24   Official Court Reporter
          25   2/24/2015
```