IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN G. ROWLAND,<br><br>Defendant | Case No. 3:14-CR-00079<br><br>Judge: Honorable Janet Bond Arterton |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

Mr. John G. Rowland, respectfully submits this memorandum of law in support of his motion for early termination of supervised release. Counsel for Mr. Rowland conferred with government counsel and understands that the government opposes this motion. Mr. Rowland has satisfied and exceeded all conditions of his supervised release. He faces difficulty fulfilling his duty to the community as a ministry employee because of his status on supervised release. Mr. Rowland's probation officer does not oppose Mr. Rowland's request. Given his changed circumstances and the interests of justice, Mr. Rowland requests the early termination of his supervised release.

**I.      Factual Background**

On September 19, 2014, a jury convicted Mr. Rowland of falsification of records in a federal investigation, conspiracy, causing the submission of false statements, and causing the submission of illegal campaign contributions. Jury Verdict 1–2, ECF No. 146. After serving his term of imprisonment without incident, Mr. Rowland reentered the community and has now served over 18 months of supervised release.

1

## II. Applicable Law

Under 18 U.S.C. § 3583 a district court "may . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). See United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997).

### A. Section 3583 Statutory Criteria

Early termination is permissible under § 3583 if the court is satisfied that such action is warranted by (1) the conduct of the released individual and (2) the interest of justice. The Judicial Conference Committee on Criminal Law elaborated on the § 3853 statutory criteria and recommended the evaluation of nine factors when determining if early termination of supervised release is appropriate. Those factors are:

> "(1) Stable community reintegration (e.g., residence, family, employment); (2) Progressive strides toward supervision objectives and in compliance with all conditions of supervision; (3) No aggravated role in the offense of conviction, particularly large drug or fraud offenses; (4) No history of violence . . . (5) No recent arrests or convictions . . . (6) No recent evidence of alcohol or drug abuse; (7) No recent psychiatric episodes; (8) No identifiable risk to the safety of any identifiable victim; and (9) No identifiable risk to public safety . . . ."

Guide To Judiciary Policy, Vol. 8, Pt. E: "Supervision of Federal Offenders" (Monograph 109) § 380.10(b)(1)–(9). See United States. v. Grimaldi, 482 F. Supp. 2d 248 (D. Conn. 2007) (considering these factors in a motion for supervised release). After 18 months of supervision, there is a presumption in favor of early termination for non-violent and non-drug offender who present no risk to the public. Monograph 109 at 380.10(e).

### B. Section 3553(a) Sentencing Factors

Courts also must consider certain purposes of sentencing set forth in § 3553(a),[1] which address "issues such as deterrence, public safety, rehabilitation, proportionality, and consistency." United States v. Lussier, 104 F.3d 32, 35 (2d Cir. 1997). However, the Supreme Court recognized that supervised release "serves an entirely different purpose than the sentence imposed under § 3553(a)." Pepper v. United States, 562 U.S. 476, 502 n.15 (2011). Therefore, the § 3553(a) sentencing factors are considered through a rehabilitative lens when evaluating supervised release termination.

### III. Argument

#### A. Section 3883 Statutory Criteria: Early Termination is Warranted by the Conduct of Mr. Rowland and is in the Interest of Justice

Mr. Rowland's changed circumstance in employment makes termination in the interest of justice, and his conduct, as evaluated under the Judicial Conference's nine factors, warrants early termination. See United States v. Parisi, 821 F.3d 343, 347 (2d Cir. 2016) (declaring that "changed circumstances" and "exceptionally good behavior" are examples warranting early termination).

---

[1] These factors are (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); (2) the need for the sentence imposed "to afford adequate deterrence to criminal conduct," id. § 3553(a)(2)(B); (3) the need for the sentence imposed "to protect the public from further crimes of the defendant," id. § 3553(a)(2)(C); (4) the need for the sentence imposed "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," id. § 3553(a)(2)(D); (5) the "kinds of sentence and the sentencing range established for the applicable category of offense [or violation of probation or supervised release] committed by the applicable category of defendant" under the Sentencing Guidelines, id. § 3553(a)(4); (6) "any pertinent policy statement issued by the Sentencing Commission," id. § 3553(a)(5); (7) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . .," id. § 3553(a)(6); and (8) "the need to provide restitution to any victims of the offense." Id. § 3553(a)(7). See United States v. Trotter, 321 F. Supp. 3d 337, 359 (E.D.N.Y. 2018) (citing United States v. Lussier, 104 F.3d 32, 35 (2d Cir. 1997).

### a. A Changed Circumstance in Employment Warrants Early Termination

A changed circumstance that warrants early termination includes circumstances where supervised release adversely affects the released individual's ability to perform his or her job. For example, in United States v. Harris, a probationer with post-release conduct that was beyond reproach was unable to completely fulfill his employment responsibilities in the petroleum business. United States v. Harris, 689 F. Supp. 2d 692, 695 (S.D.N.Y. 2010). Specifically, Harris could not enter contracts on behalf of the company or meet with clients, and also faced travel difficulties in a job with client-based and relationship-focused responsibilities. Id. Given Harris's inability to successfully fulfill his employment responsibilities in their entirety, the district court found a changed circumstance that warranted early termination of supervised release in the interest of justice. Id. The court stated:

> There are two possible resolutions to this case. The Court can terminate Harris's supervised release, do away with crippling obstacles to his professional advancement, and make straight his path to rehabilitation and redemption. Or the Court can require Harris to serve his full term of supervised release, leave him blocked and at risk in his employment, and confer no benefit of any significance upon the victimized banks. Which resolution is "in the interest of justice?" The question is not close. Justice requires the termination of Harris's supervised release.

Id. at 696.

Despite successfully completing programming in prison and now facilitating similar programming as a member of the public, Mr. Rowland faces a changed circumstance similar—if not more compelling[2]—to the released individual in Harris. During Mr. Rowland's incarceration he participated in a prison ministry, and after reentering society, Mr. Rowland sought to continue supporting similar programming in his community by obtaining employment with the Prison

---

[2] While the released individual in Harris still had outstanding restitution obligations at the time of termination, Mr. Rowland has complied with all of his supervised release requirements, including the immediate payment of a $35,000 fine upon his release from incarceration.

4

Fellowship ministry. He now serves as the Director of Development for the Northeast Region of the Prison Fellowship, the largest nonprofit serving prisoners, former prisoners, and their families. As explained in a letter from the President and CEO of Prison Fellowship, "a major part of the Director's job is to visit prisons" throughout all of New England, New York, New Jersey, Pennsylvania, and Ohio. Exhibit 1. Despite his best efforts, Mr. Rowland has been denied access to correctional facilities in New York and Ohio, solely because of his status as a probationer on supervised release. Id. His home state of Connecticut will also prevent him from visiting the state's correctional facilities.

Admission to these facilities is crucial to Mr. Rowland's responsibilities as Director of Development and would allow Mr. Rowland to be an "even greater asset" to the community. Id. The Prison Fellowship ministry offers bible study, educational programs, substance abuse recovery programs, and more to incarcerated individuals, as well as support programs for previously incarcerated individuals and families. Id. Funding for these programs is reliant on donations and volunteers. As part of his employment duties, Mr. Rowland is required to take potential Prison Fellowship volunteers and donors into correctional facilities to meet with officials and program participants. He currently cannot fulfill this duty.

Furthermore, like the circumstances in *Harris*, another employee of the program cannot go in Mr. Rowland's place because of the sensitive nature of volunteer and donor relationships. Mr. Rowland has established personal relationships with over 125 potential donors. And while some regions of the prison ministry have field officers that also take on a similar donor and volunteer-relations roll, most regions, including Connecticut do not. Therefore, without access to the correctional facilities, Mr. Rowland cannot adequately fulfill a key component of his employment responsibility, and thus risks endangering his employment and duty to the community.

Mr. Rowland's changed circumstance is more than just difficulty with traveling constraints or an internal employer decision, all of which Mr. Rowland has overcome, but is instead an independent obstacle that Mr. Rowland cannot control. The remainder of his supervised release, which is designed to help Mr. Rowland reintegrate into the community, is actually interfering with his "path to rehabilitation and reintegration." Harris, 689 F. Supp. 2d at 696. Therefore, early termination of Mr. Rowland's supervised release is in the interest of justice.

### b. The Judicial Conference's Evaluative Nine Factors Weigh Heavily in Favor of Mr. Rowland, and Mr. Rowland's Probation Officer Does Not Oppose this Motion

Mr. Rowland, aged 62, also satisfies the Judicial Conference factors relating to post-release conduct. See Monograph 109, Supervision of Federal Offenders § 380.10(b). Mr. Rowland has shown "successful community reintegration," id. at § 380.10(b)(1), as demonstrated by his return to his home, family, and current employment position with the Prison Fellowship ministry. His work with the ministry indicates he is seriously committed to returning to a life of serving others. In fact, he has made such impressive "progressive strides toward supervision objectives," id. at § 380.10(b)(2), that his probation officer describes Mr. Rowland as an exemplary probationer with respect to the important work he is doing in the community through Prison Fellowship.

Additionally, Mr. Rowland has complied with all conditions of his supervision, including immediately paying the sentenced $35,000 fine in full. Id. at § 380.10(b)(2). There was no aggravated role in the conviction. Id. at § 380.10(b)(3). He has no history of violence, recent arrests or trouble with the law, recent alcohol or drug abuse, or recent psychiatric episodes. Id. at § 380.10(b)(4)–(7). Lastly, Mr. Rowland presents no identifiable risk to the safety of any individual victim or to the public. See id. at § 380.10(b)(8)–(9).

Notably, Mr. Rowland's probation officer—who does not oppose this motion—was quick to point out that Mr. Rowland's employment with Prison Fellowship provides him with an

opportunity to serve the community in a new, sincere way. The officer also explained that Mr. Rowland is assigned to his administrative caseload at the lowest risk level possible. And Mr. Rowland has never once taken issue with any requirements of supervised release, according to his probation officer, save for his current difficulty fulfilling his employment responsibilities.

Given the exceptional conduct of Mr. Rowland both during and after his incarceration, and the challenges he faces in carrying out his job, it is in the interest of justice to terminate the remaining term of his supervised release. There is no indication that Mr. Rowland will do anything but continue to lead a law-abiding life, and continued supervision is unlikely to help rehabilitate Mr. Rowland.

### B. Pertinent § 3553 Sentencing Factors Weigh in Favor of Mr. Rowland

While § 3883 mandates consideration of § 3553 sentencing factors, sections 3553(a)(4)–(7) have limited relevance because the Sentencing Commission has not promulgated guidelines or policy statements addressing early termination of supervised release because the "factor of avoiding unwarranted sentencing disparities . . . would generally undermine the case specific inquiry required in evaluating a motion for early termination of supervised release" and because there are no restitution obligations. United States v. Harris, 258 F. Supp. 3d 137, 145 (D.D.C. 2017); U.S. SENTENCING GUIDELINES MANUAL. Ch. 7, Pts. A & B (U.S. SENTENCING COMM'N 2018). The remaining § 3553 sentencing factors weigh heavily in favor of Mr. Rowland.

#### a. Section 3553(a)(1)—Nature and Circumstances of the Offense

When considering the "nature and circumstances of the offense" in a motion for early termination, the factor can be fairly analyzed "in light of the facts of a particular case." United States v. Harris, 689 F. Supp. 2d 692, 695 (S.D.N.Y. 2010). While Mr. Rowland appreciates the seriousness of his offense, there was no violence that occurred in connection with the offense. Mr.

Rowland's crimes do not reflect those of a seasoned, dangerous criminal, and Mr. Rowland already served significant time for his offense, including time in a federal prison and halfway house.

### b. Sections 3553(a)(2)(B) and (C)—Adequate Deterrence and Protecting the Public

Mr. Rowland was not subject to any disciplinary reports while incarcerated and received credit for good behavior. After being released from the halfway house, Mr. Rowland continued his pattern of excellent conduct, as noted by his probation officer. In addition to his employment with Prison Fellowship, Mr. Rowland spends over twenty hours each month volunteering as vice chair for the Board of Directors of Acts 4 Ministry, a charitable organization that supports families and individuals in financial distress. Accordingly, there is no indication the Mr. Rowland presents any harm to the public.

### c. Section 3553(a)(2)(D)—Training or Correctional Treatment

With respect to the last pertinent factor, Mr. Rowland participated in programming while incarcerated to ensure his successful rehabilitation and return to the community. Notably, Mr. Rowland was an active participant in a prison ministry program, which led to his current employment as Director of Development for the Prison Fellowship. Mr. Rowland has maintained this employment since his release from prison. Mr. Rowland has demonstrated remarkable success and reintegration into the community without the need for additional support. Therefore, the pertinent factors from § 3553 weigh in favor of early termination.

### IV.     Conclusion

The exceptional conduct of Mr. Rowland and the interests of justice warrant early termination of the Mr. Rowland's term of supervised release. Therefore, Mr. Rowland respectfully moves this Honorable Court to terminate his remaining term of supervised release.

Respectfully Submitted,

_____/s/_____
William L. Drake [phv06671]
Steptoe & Johnson
1330 Connecticut Ave. NW
Washington, D.C. 20036
PH: (202) 429-8082
FAX: (202) 429-3902
wdrake@steptoe.com

*Counsel for Defendant John G. Rowland*